REID et ux. v. RUNYAN.

No. 13316—Opinion Filed April 1, 1924.

**1. Vendor and Purchaser—Action by Purchaser for Fraud—Issues—Exclusion of Evidence.**

Proof must conform to the pleading, and where, in an action for damages for fraud and deceit, it was alleged that plaintiffs purchased from defendant certain land and that defendant executed and delivered a warranty deed to plaintiffs wherein he fraudulently conveyed other and different lands than that purchased, and issue was joined thereon, evidence offered by plaintiffs that the defendant had, prior to the sale, conveyed the land to a third party by quitclaim deed and that the third party had executed and delivered to the plaintiffs a warranty deed, objected to by the defendant, was properly excluded.

**2. Same—Failure of Proof—Demurrer to Evidence.**

In an action for damages for fraud and deceit alleged to have been practiced by the defendant in executing a warranty deed to plaintiff conveying land other than that purchased and of less value, the failure to prove such conveyance was a failure of proof and the court did not err in sustaining defendant's demurrer to plaintiff's evidence.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Muskogee County; Benjamin B. Wheeler, Judge.

Action by W. C. Reid and Sallie Reid against Charles F. Runyan. Judgment for defendant, and plaintiffs appeal. Affirmed.

Bruce & Brewer, for plaintiffs in error.

W. J. Crump, Myron White, and G. A. Seawell, for defendant in error.

Opinion by RAY, C. Plaintiffs in error, plaintiffs below, say that the court erred (1) in excluding certain evidence offered by the plaintiffs, and (2) in sustaining defendant's demurrer to plaintiffs' evidence.

1. The action is for damages for fraud and deceit in the sale and conveyance of certain lands by the defendant to the plaintiffs. It is alleged, in substance, that the defendant falsely and fraudulently represented to the plaintiffs that he was the owner of a certain tract of land which he pointed out to the plaintiffs and offered for sale, and the plaintiffs, knowing nothing of the actual legal description of the land, but relying upon the representation of the defendant,

bought the land and paid the agreed price of $6,900, and that the defendant executed to the plaintiffs a warranty deed for other and different land of less value, and upon discovering the fraud this action was commenced to recover the difference in value of the two tracts of land. At the trial plaintiffs offered in evidence a quitclaim deed from the defendant to one J. E. Leaverton which was executed some months prior to the alleged fraudulent sale and a warranty deed from J. E. Leaverton to the plaintiffs, which were excluded by the court upon the objection of the defendant. Plaintiffs contend that the transfer of the land by defendant to Leaverton and from Leaverton to the plaintiffs was for the purpose of avoiding liability for the fraud practiced by the defendant and, for that reason, the deeds were admissible in evidence. A sufficient answer to this contention is that it was not so alleged in the petition. The allegation of the petition was that the deed of Sallie Reid, which was made the basis of the action, was executed and delivered by the defendant, Charles F. Runyan. If it had been alleged in the petition that as the means of carrying out the fraud, and to protect himself from liability, as contended, he had executed a quitclaim deed to Leaverton and caused Leaverton to execute the deed to the plaintiffs, then the deeds would have been admissible in evidence. The evidence offered did not conform to the allegations of the petition upon which issue was joined, but presented a different issue. In such case the proof must conform to the pleading, and evidence predicated upon an issue not raised by the pleading, properly objected to, is not admissible. Chambers v. Van Wagner, 32 Okla. 774, 123 Pac. 1117; C. R. I. & P. Ry. Co. v. Spears, 31 Okla. 469, 122 Pac. 228; Winans v. Hare, 46, Okla. 741, 148 Pac. 1052.

2. Plaintiffs' evidence showed that Sally Reid was a Creek freedman who, after reaching her majority and being discharged from guardianship, had appointed H. G. House, J. J. Ragsdale, and W. C. Reid, her husband, trustees of her estate, and that the land was bought for her with her money; that some time prior to the conveyance, the defendant, H. G. House, W. C. Reid and R. E. Stewart, attorney for Sally Reid, went from Muskogee out near Fort Gibson to inspect the land which the defendant was offering for sale; that after the land was inspected, the trustees, House and Reid, agreed to the purchase; that on the return to Muskogee these deeds offered in evidence were delivered to House who was acting as custodian of the funds of Sally Reid, and who then delivered to the defendant liberty bonds belonging to Sally Reid of the par value of $6,900, and caused the warranty deed from Leaverton to Sally Reid to be recorded. W. C. Reid testified that the land pointed out to him by the defendant, and which he inspected, was good land, with timber on it, lying north of Fort Gibson, and the land that was actually conveyed was in the hills and canyons some two and one-half miles away. While the evidence of House and Stewart, attorney for Sally Reid, who were present when the land was inspected, is very indefinite and uncertain, and not to the advantage of the plaintiff, there was sufficient evidence to go to the jury, if there had been any proof that the defendant executed the deed to plaintiffs, as alleged in the petition, but in the absence of such proof the court did not err in sustaining a demurrer to the plaintiffs' evidence. Having reached the conclusion that the quitclaim deed from the defendant to Leaverton and the warranty deed from Leaverton to the defendant, Sally Reid, was not admissible under the allegations of the petition, we think the judgment should be affirmed.

By the Court: It is so ordered.