**PIONEER CIRCLE INS. CO. v. TURNHAM.**

No. 15347—Opinion Filed June 9, 1925.

Rehearing Denied Nov. 17. 1925.

1. **Insurance—Fraternal Insurance—Force of Statements in Application Where no Medical Examination.**

The provisions of section 6728 Comp. St. 1921, that statements made in an application for insurance where the policy was issued without medical examination shall, in the absence of fraud, be deemed representations and not warranties, do not apply to insurance companies or associations operating on the fraternal plan.

2. **Same — False Statements Invalidating Policy.**

Where the application for insurance in an insurance company or association operating on the fraternal plan provides that the statements made in such application shall be warranties, and the policy is issued upon the strength of the statements made in said application, without a previous medical examination, the answers to questions contained in the application are warranties, and a false statement made in answer to a question in

such application, material to the risk assumed by the company, constitutes a breach of warranty and renders the policy void.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, LeFlore County; E. F. Lester, Judge.

Action by Arthur Turnham against the Pioneer Circle of Oklahoma. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

.W. E. Disney and John Wheeler, for plaintiff in error.

C. C Williams and A. A. Ellerbee, for defendant in error.

Opinion by JARMAN, C. This action grew out of the following state of facts, as disclosed by the record:

On March 14, 1923, application was made by or on behalf of Bell Turnham for a certificate of membership in the Pioneer Circle, which, under the briefs of the parties, is an association operating on the fraternal plan: and on the same date the Pioneer Circle. hereinafter referred to as defendant, through its duly constituted agent, Mr. Howell, executed and delivered its certificate of membership, insuring the life of the said Bell Turnham in the sum of $1,000, and designated her husband, Arthur Turnham, plaintiff herein, as beneficiary. The insured died May 2, 1923, and thereafter this action was begun by the plaintiff to recover the amount of said insurance it being alleged that all dues and assessments, under the terms and conditions of the policy or certificate, and all dues and assessments required of the insured had been paid, and that said policy or certificate was in full force at the date of the death of the insured. The defense was that the plaintiff could not recover on said certificate or policy for the reason there was a breach of warranty, in that the representation was made in the application for the insurance that the insured did not have tuberculosis, when as a matter of fact she had been suffering with such disease long prior to the making of application for said insurance, and that she died of said disease, in less than two months from the date of said application. The plaintiff filed a reply in which he denied that the insured made any false representations as to being afflicted with tuberculosis, and alleged, in substance. that, if the insured had such disease she did not know it at the time said application was made, and, therefore, said statements were not fraudulent and were not made in bad faith, and that said state-

ments were merely representations and not warranties. At the conclusion of all the evidence, the trial court directed a verdict for the plaintiff.

There was no medical examination of the insured prior to the issuance of the certificate or policy, but the same was issued solely upon the answers made to questions included in the application for the insurance. Said application provided as follows:

"It is also further provided that the statements contained in the application made by the insured should be considered and construed as warranties"

—and:

"It is mutually agreed that this aplication shall be considered as part of the contract for membership and should this application be accepted and the certificate thereon issued I accept the by-laws and regulations with all amendments governing the Pioneer Circle."

Section 5, art. 4, of the by-laws provides:

"The application made and the warranties and statements contained therein shall be the basis for issuance of said policy of insurance and if the answers to any of the questions as to age or health of the applicant are untrue said policy of insurance shall be void."

The evidence discloses that the insured, at the time of the application for insurance, and for several months prior thereto, was in an advanced stage of tuberculosis, and that she died of this disease. There is no direct evidence showing that the insured knew she had tuberculosis at the time of the application. It was contended by the plaintiff in the trial court, and the cause on behalf of the plaintiff was submitted on the theory, that the statements made in the application, in the absence of fraud, were to be deemed representations and not warranties, as provided by the terms of section 6728, Comp. St. 1921.

The following colloquy between the court and counsel shows the cause was submitted on this theory:

"Mr. Ellerbee: Now, the law, as I understand it, even when the application was made—if she had tuberculosis when the application was made, they have got to prove absolute bad faith on her part.

"The Court: They have to do that, and I assume. * * *"

Section 6737, Comp. St. 1921, renders inapplicable section 6728, supra, to associations operating on the fraternal plan, such as the defendant herein, and this was the holding of this court in the case of Modern

Order of Praetorians v. Bloom, 69 Okla. 219, 171 Pac. 917.

In the case of Continental Casualty Company v. Owen, 38 Okla. 107, 131 Pac. 1084, the court had under consideration the question of whether certain statements in the application for insurance constituted warranties or were merely representations, and, in commenting thereon, used the following language:

"At common law the warranty of the truth of the answer to a specific inquiry in the application implied the agreement that the subject-matter of the question and answer is to be regarded as material, and that an untrue answer thus warranted avoids the policy, whether the answer be made in good faith or not Anderson v. Fitzgerald, 4 H. L. Cas. 484. Several states, amongst them our own, have passed statutes for the purpose of relieving against the hardships arising from the strict enforcement at common law of warranties in insurance policies concerning matters having no real or proximate relation to the risk assumed by the insurer. By the aid of such warranties, and the innocent mistakes of the insured, it often happened that the insurer was able to escape liability on a ground having no real merit and of the purest technicality."

The court then refers to section 3784, Comp. Laws 1909, being section 6728, Comp. St. 1921, wherein it is provided that in any claim arising under a policy which has been issued by any life insurance company without previous medical examination or without the knowledge and consent of the insured, the statement made in the application shall, in the absence of fraud, be deemed representations and not warranties.

Commenting further, the court said:

"But for the statute heretofore considered, the provisions of the policy involved herein would render the answer to each question of the application material with all the consequences thereby imposed by the law of insurance, but it was the chief purpose of the statute to destroy such conventional materiality and to open to judicial investisentations and not warranties.

It necessarily follows that the answers given to the questions included in the application for insurance herein are to be considered as warranties, since section 6728, Comp. St. 1921, does not apply to this class of insurance, and it is immaterial whether said answers were made in good faith. The main question is whether said answers were false, and that is undisputed under the evidence in this case, and, therefore, there was a breach of warranty precluding a recovery on said policy.

The plaintiff contends here, in his brief, that the evidence fails to show that the insured ever signed or knew of the application for insurance; that the agent of the defendant wrote the answers to the questions in said application and signed the name of the insured thereto, and that under such circumstances the defendant could not be heard to say there was a breach of warranty in the statements made in said application. The case was not tried on this theory in the lower court, and, besides, the evidence shows that the plaintiff was present when the answers to the questions contained in the application were made, and, according to the evidence of the agent of the defendant, the plaintiff must have signed the name of the insured thereto, and, according to the evidence of the plaintiff himself, he was standing by, furnishing the information to the agent of the defendant when said answers were written by the agent, and the name of the insured was signed thereto by him. Such being the case, the plaintiff participated in, and was a party to, the fraud attempted to be perpetrated on the defendant in the procuring of the policy of insurance on the life of the insured. The plaintiff, husband of the insured, testified that he did not know, at the time said application was made, that his wife, the insured, was afflicted with tuberculosis. The evidence of the family physician discloses that the insured was in an advanced stage of tuberculosis for at least two months before this application for insurance was made and that she was badly emaciated, and that he had been treating her. It is contrary to human experience and beyond our comprehension that a husband, living with his wife, as in this case, would not know the condition of his wife's health under such circumstances. The court will not permit the plaintiff to take advantage of his own wrong and it will leave both parties to a wrong where it found them.

The judgment of the court is reversed and the cause remanded, with directions to dismiss this action upon the payment to the plaintiff of the assessments and dues paid under said policy.

By the Court: It is so ordered.

Note.—See under (1) 32 C. J. p. 1293; 29 Cyc. p. 89 (1926 Anno). (2) 29 Cyc. p. 87.