**BARNETT v. ST. LOUIS-S. F. RY. CO. et al.**

No. 17187.   Opinion Filed Nov. 16, 1926.

Rehearing Denied Nov. 19, 1929.

Ledbetter, Stuart, Bell & Ledbetter, for plaintiff in error.

E. T. Miller, Stuart, Sharp & Cruce, and Ben Franklin, for defendants in error.

STEPHENSON, C. The plaintiff alleged for his cause of action against the defendants:

(a) That the plaintiff was walking along a pathway close to the track of the defendant which was used by members of the public as a passageway over the premises of the defendant with the knowledge and acquiescence of the latter.

(b) That the plaintiff traveled along the pathway on the premises of the defendant to a point where it intersected a dirt road which crossed the railway tracks of the defendant.

(c) That while the plaintiff was on the crossing the defendant wrongfully backed one of its trains without warning over the crossing against the plaintiff, which resulted in serious personal injury to the plaintiff.

Issues were joined on the allegations of plaintiff's petition; the trial of the cause resulted in the court sustaining the defendants' demurrer to the plaintiff's evidence. The plaintiff has perfected his appeal to this court, and among the errors assigned for reversal, is the action of the court in sustaining the demurrer to the evidence.

It is the obligation of the plaintiff to plead the right owing by the defendant, its wrongful breach by the latter, and consequential damages. A duty devolves upon the plaintiff to plead the elements which may constitute the right owing to the plaintiff by the defendant, and the nature of the wrong by the defendant which operated to breach the right. The defendant is entitled to be informed of the nature of the right claimed by the plaintiff, so that he may be prepared to meet the issues with his proof in the trial of the cause. The plaintiff will be confined to his material allegations in the introduction of his proof. The plaintiff will not be permitted to allege one right, its breach, and prove another right and its breach to support a recovery against the defendant, unless he amends his petition accordingly. Reid et al. v. Runyan, 100 Okla. 134, 226 Pac. 873; Winans v. Hare, 46 Okla. 741, 148 Pac. 1052; Chambers v. Van Wagoner, 32 Okla. 774, 123 Pac. 1117; El Reno Wholesale Grocery Co. v. Keen, 93 Okla. 198, 220 Pac. 653.

The plaintiff's pleadings placed himself in the status of a member of the public, entitled to travel on the footway over the right of way and premises of the defendant, because the defendant had permitted the public to use the footway as a public way of travel for a long period of time prior to the date of the accident. The allegation of the granting of the right and its use by the members of the public, imposed the duty on the defendant to exercise ordinary care to ascertain if a member of the public was traveling along the pathway in a place of danger before moving the train of cars over the passage way. If a member of the public was observed to be using the passage way in a place of danger, it would be the duty of the defendant to use reasonable care to avoid injury to such person. The allegations contained in plaintiff's petition entitled him to the benefit of the rules of law applicable to a member of the public injured, wrongfully, while using a public passage way over the premises of the defendant with the knowledge and consent of the latter.

The plaintiff proved, over the objection and exception of the defendant, that he was a duly commissioned deputy United States marshal, at the time of receiving the injury, and that it was a part of his duty to go onto the premises of the defendant to defend and protect the property of the defendant situated in the railway yards at Madill. He testified that on the night of the accident he went into the yards of the defendant in the discharge of his official duties; that he stopped a few yards north of a caboose attached to a train of cars; that he started across the track north of the caboose, at which time the train of cars was moved north, suddenly, and collided with him, resulting in the injury complained about. The witness testified that it was a custom of the defendant in the yards to sound signals when cars were to be moved, or cause an employe to ride on the front end of the car or train, to warn those rightfully on the premises of the approaching danger. The witness testified that the employes of the defendant on this occasion failed to observe the custom, which was the proximate cause of his injury. It is contended by the plaintiff that the employes and agents of the defendant knew that he was engaged in the performance of his official duties in the railway yards in the protection of the property of the defendant, and that the defendant owed to him the duty to observe the custom of warning persons rightfully in the yard. The effect of the evidence of the plaintiff was to place

himself in the status of a licensee in the yards of the defendant. The rights which the plaintiff attempted to prove were different from those of a member of the public, who was using the premises of the defendant as a public passage way at the time of receiving an injury.

It would serve no useful purpose to state the mutual obligations existing between the parties if the plaintiff occupied the status of a licensee at the time of the injury. It is sufficient to say that the plaintiff was confined by his allegations to the status of a member of the public who is wrongfully injured while using the premises of the defendant as a public passage way with the knowledge and consent of the defendant. The evidence of the plaintiff was admitted over the objection and exception of the defendant, and the court properly sustained the demurrer to the plaintiff's evidence. The plaintiff did not ask leave of the court to amend his petition to allege the right of action which he attempted to prove.

The judgment is affirmed.

By the Court: It is so ordered.