MISSOURI PACIFIC RAILROAD COMPANY *v.* ENGLISH

4-3033

Opinion delivered June 12, 1933.

558

*Thos. B. Pryor* and *W. L. Curtis,* for appellant.
*Partain & Agee,* for appellee.

JOHNSON, C. J., (after stating the facts). The principal cause of complaint is that the court erred in refusing to direct a verdict in behalf of appellant. This is based upon the theory that Lydia English was a trespasser or at most a licensee, and the case of *Barnett* v. *St. L. & S. F. Ry. Co.,* 140 Okla. 19, 282 P. 120, is relied upon to sustain this theory.

The facts in the Barnett case were that plaintiff was walking along a pathway near the track of the defendant which had been used by the public for a long number of years with the knowledge and acquiescence of the railroad company, and that while he was on this pathway the defendant wrongfully backed one of its trains against the plaintiff and thereby injured him. On the trial of the case, plaintiff abandoned this theory and introduced testimony only to the effect that he was a deputy United States marshal and rightfully upon the premises. This testimony was objected to at the time of its introduction, and the trial court sustained a demurrer to this evidence, which was affirmed by the Supreme Court of Oklahoma. It will thus be seen that the Barnett case, cited *supra*, is no authority for the position here assumed by appellant under the laws of Oklahoma.

It is next insisted on behalf of appellant that this case is ruled by *Texas O. & E. R. Co.* v. *McCarroll*, 80 Okla. 282, 195 Pac. 139. The facts in this case were that appellant was riding on the pilot step of an engine by invitation of the watchman. The undisputed testimony showed that the watchman had no authority to invite appellant to ride upon the pilot step. The Supreme Court of Oklahoma held that appellant was neither a licensee or invitee but a trespasser, and therefore plaintiff could not recover. Certainly it cannot be seriously contended that this case is authority for the position here assumed by appellant.

It is next insisted that this case is ruled by *A. T. & S. T. Ry. Co.* v. *Cogswell*, 23 Okla. 184, 99 Pac. 923, 20 L. R. A. (N. S.) 837. The facts in this case were that plaintiff went to the depot of the defendant to meet a passenger and while upon the platform he stepped through a hole in the platform and was injured. Plaintiff had no business with the company, but went there merely to meet a passenger on private business. In this case the company contended that plaintiff was a mere licensee, but the Supreme Court of Oklahoma held that under these facts the jury was warranted in finding that there was an implied invitation on the part of the rail-

road company and that the jury was warranted in finding in favor of the plaintiff.

No Oklahoma case has been cited on this appeal which should control, as a matter of law, the finding of the jury in this case.

The doctrine applicable to the facts of this case is stated concisely in the case of *Bennett* v. *L. & N. Ry. Co.*, 102 U. S. 577, 26 Law Ed. 235, wherein the court held: "That the owner or occupant of land who by invitation, expressed or implied, induces or leads others to come upon his premises, for any lawful purpose, is liable in damages to such persons, they using due care, for injury occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them, and was negligently suffered to exist without timely notice to the public or to those who were likely to act upon such invitation."

Again, in 20 R. C. L., par. 57, page 64, the rule is stated as follows: "While an invitation to go upon premises will not be implied, ordinarily, from the fact that the owner or occupant has acquiesced in or tolerated trespasses thereon, many decisions have recognized an exception in case of a way across lands or structures thereon. If the owner or occupant has permitted persons generally to use or establish a way under such circumstances as to induce a belief that it is public in character, he owes to persons availing themselves thereof the duty due to those who come upon premises by invitation."

In the recent case of *Louisville & N. Ry. Co.* v. *Snow*, 235 Ky. 211, 30 S. W. (2d) 85, the Kentucky Court held: "The decedent was not an invitee in the technical sense that one going upon the premises of another to their mutual advantage is an invitee, but the facts of this case bring it within the class of cases in which the doctrine has been recognized and applied that, when the owner, by his conduct, has induced a party to use a private way in the belief that it is open for the use of the public, the duty is imposed upon him of maintaining the way in a reasonably safe condition. Where one by his conduct has in-

duced the public to use a way in the belief that it is a street or public way, which all have a right to use, and where they suppose they will be safe, the liability should be co-extensive with the inducement or implied invitation.''

The doctrine, as announced in the case cited *supra,* has been applied by this court in the case of *St. L. I. M. & S. Ry. Co.* v. *Dooley,* 77 Ark. 561, 92 S. W. 789, wherein the court held: ''The bare permission of the owner of private grounds to persons to enter upon his premises does not render him liable for injuries received by them on account of the condition of the premises. But, if he expressly or impliedly invites, induces, or leads them to come upon his premises, he is liable in damages to them (they using due care) for injuries occasioned by the unsafe condition of the premises, if such condition was the result of his failure to use ordinary care to prevent it, and he failed to give timely notice thereof to them or the public. This principle is applicable to the case before us. If the appellant constructed the steps and expressly or impliedly invited, induced or let. persons to cross the same, it is liable in damages to them for injuries occasioned by the unsafe condition thereof, if it was the result of the failure to use ordinary care to keep the same in safe condition. If it was unwilling to incur this liability, it could have avoided it by removing the steps or giving timely notice of the condition to such persons or the public.''

The rule as announced in the Dooley case cited, *supra,* is supported by the great weight of American authority. No Oklahoma case has been cited announcing any different rule. The jury in the instant case was fully warranted in finding that the maintenance of the foot bridge by the appellant for a long number of years and its constant and perpetual use by the public, as a way, with full knowledge and. tacit acquiescence of appellant, was an implied invitation for its continued use, and that appellant was required to use ordinary care in keeping and maintaining same for such purpose. Therefore, we conclude that the case was properly submitted to the jury

562

for its consideration, and its findings that Lydia English was an invitee is supported by the evidence.

The jury returned a verdict in favor of Lee English, the father of Lydia English, for $200; it also returned a verdict in favor of appellee, Lydia English, for $3,000. It is insisted on this appeal that these awards are excessive. We cannot agree. The testimony shows that Lee English expended for doctor's bill, medicine, etc., almost $100; therefore, unquestionably, a verdict for $200 in his behalf would not be excessive. The testimony in behalf of appellee, Lydia English, was to the effect that her injury was serious and probably permanent. We cannot say, as a matter of law, that $3,000 was an excessive award.

Let the judgments be affirmed.