## UNITED HOME PROTECTIIVE CORP. v. REED.

No. 21906. Sept. 25, 1935.

H. F. Fulling, for plaintiff in error.

John F. Kerrigan, for defendant in error.

PER CURIAM. This action was commenced in the court of common pleas of Tulsa county by Hilda Reed, defendant in error, plaintiff below, against the United Home Protective Corporation, plaintiff in error, defendant below, to recover upon a benefit certificate issued by plaintiff in error to

Luvert V. Reed, in which the defendant in error, Hilda Reed, is designated beneficiary, and her relationship to insured is given as wife. The case was tried to a jury. The verdict and judgment was for defendant in error. The case is here for review.

The parties to this action will hereinafter be referred to as they appeared in the court below, and Luvert Reed will be referred to as the insured.

The defendant is a mutual benefit association organized and governed by Oklahoma S. L. 1925, chapter 32. The application for this insurance was taken on the 9th day of December, 1927, by the president of the defendant, acting as solicitor, at the home of the Reeds in Tulsa, the insured not being present. The application was signed by plaintiff for the insured. The benefit certificate was issued by defendant on the 28th day of December, 1927. Plaintiff and insured obtained a marriage license and were married at Sapulpa, Okla., on the 5th day of November, 1927. Luvert V. Reed died April 23, 1928. The certificate was issued without medical examination and upon the warranty by applicant that all the answers to questions in the application for same were true.

Plaintiff alleges in her petition that she was the lawful wife of insured, and other necessary facts to state a cause of action upon said benefit certificate against defendant and asks for judgment in the sum of $1,000.

The answer of defendant denied that plaintiff was ever the wife of insured; denied that plaintiff and insured had performed all conditions precedent; alleged that plaintiff and insured made false, untrue, and fraudulent answers in the application for said insurance; that defendant did not know that the answers in the application for insurance were false and fraudulent until after the death of insured, and as soon as defendant learned such facts, it tendered to plaintiff all payments that had been made, which she refused.

For reply and amended reply, plaintiff denies the allegations of the answer, and says that insured was in reasonably good health at the time the benefit certificate was delivered; that the application was wholly prepared by an agent of the defendant, its president, who was told by plaintiff that insured did have other insurance, and had recently been in an automobile wreck, but that said agent stated this was immaterial; that neither plaintiff nor insured was ever furnished with a copy of the application.

The defendant states three propositions in its brief upon which it relies for a reversal of the judgment of the lower court. It is to be observed that these propositions do not cover all the contentions or questions stated and argued by defendant in its brief, and that the only authorities cited and relied on are in support of these three propositions.

The substance of the first proposition is that plaintiff brought her suit on the theory that she was the wife of insured, which allegation was denied by defendant, thereby making an issue on that question, and that on the trial of the case and without amending the pleading, plaintiff was permitted by the court, over the objections of defendant, to offer evidence to show that plaintiff was a dependent of insured; and that over the objections of defendant, the court instructed the jury that plaintiff could recover as a dependent. The defendant contends that in thus varying and changing the issue there was a material variance.

From the record in this case it does not appear that plaintiff abandoned the contention that plaintiff was the wife of insured. It appears to be the contention of plaintiff that she sustained a dual relationship with insured, that of wife and dependent, and that she could recover either as wife or dependent.

The first time this question of dependency was raised was when plaintiff's counsel was making his opening statement to the jury, and stated that the proof would show plaintiff was both wife and dependent. Defendant objected on the ground that the issues were made up on the theory that plaintiff was the wife of insured, and that the policy was issued to her as a wife and not as a dependent. The court overruled the objections and exception was allowed. Nothing further was urged by defendant. It is to be observed that it was a part of the contention of defendant that plaintiff could not recover in any event except as the wife of insured.

Under our procedure no variance between the allegations in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleading to be amended upon

such terms as may be just. While it is generally held that no evidence is admissible except such as is warranted by the pleadings, it is equally true that variances are not considered material unless the adverse party has been misled to his prejudice. In this case no claim was made by defendant that it was in any way surprised; no showing was made to the court, or even intimated, that defendant would be unable to proceed with the trial because plaintiff proposed to offer evidence that plaintiff was also a dependent; nor is it claimed that upon such showing that defendant had been misled, prejudiced, or surprised, the court refused to grant a continuance.

In the case of First National Bank of Mill Creek v. Langston, 32 Okla. 795, 124 P. 308, the third paragraph of the syllabus is as follows:

"Though there be a variance between the allegations of a petition and the facts proved on the trial, yet, if it be a case where an amendment of the petition ought to be allowed to conform to the facts proved, the judgment will not be reversed on account of such variance."

We are of the opinion that this is a case where an amendment ought to have been allowed. It is a case where plaintiff could recover by proving that she came within any one of the classes eligible to a benefit certificate; that defendant has not placed itself in a position to demand a reversal because of a variance between the allegations of the petition and the proof. It appears to the court that with defendant it was not a question of being unable to go ahead with the trial, but in reality a contention that the petition could not be amended so as to recover as a dependent.

Defendant's second proposition is to the effect that the court erred in permitting plaintiff to offer evidence to show that she was a dependent. This proposition contains a further contention that plaintiff warranted the answers in her application for insurance to be true, and that one of such answers was that she was the wife of insured, and that therefore she would have to recover as the wife of insured or not at all.

The rule in this state, where descriptive words and phrases relating to the relationship between insured and beneficiary are used, such as "related to the member as wife," or "wife", or words of similar import, is that they are merely descriptio personae and will not affect the validity of the benefit certificate, unless such descriptive

matter renders uncertain the person intended to be made the beneficiary, if the person so designated comes within one of the classes who may be named as a beneficiary. It is also immaterial that the insured may have wrongfully designated the beneficiary as belonging to a certain class of persons, if the beneficiary in fact comes within one of the classes eligible to claim the benefits of the certificate or policy.

Royal Neighbors of America v. Fletcher, 99 Okla. 297, 227 P. 426. In this case the beneficiary was designated as the daughter of the insured. She recovered as a dependent. The rule applicable in that case is applicable in this case. The court also held that the fact that the status between the insured and beneficiary may be such that the dependent could not legally enforce her claim for support, is not the test in determining the right of dependent to recover on the policy issued to her benefactor. And it is sufficient if the insured has voluntarily undertaken to support the dependent under such circumstances as imposed a moral obligation to continue the maintenance of the dependent, and is fulfilling the obligation in good faith. And the question of whether or not one comes within the class of dependent is a question of fact for the jury.

In the case of Pioneer Circle of Oklahoma v. Turnham, 112 Okla. 266, 241 P. 176, this court held in effect that, where statements in an application for insurance are made warranties, as in the case at bar, they do not void the insurance unless material to the risk.

In the case of Levada Frank v. Nevada Frank, 96 So. 859, 32 A. L. R. 1478, an Alabama case, the court held:

"That a woman living with a man as his wife is named as 'wife' in making her the beneficiary of a mutual benefit certificate does not prevent her taking as a dependent, in case the marriage proves to have been invalid."

To the same effect is Slaughter v. Slaughter, 65 So. 348, also an Alabama case. In Standard Life & Accident Ins. Co. v. Martin, 133 Ind. 376, 33 N. E. 105, insured, an unmarried man, made the policy payable to a woman, "whose relation to me is that of wife." The court said:

"We think this statement is neither a warranty nor a material representation. It was merely an indication of the person to whom the policy was to be payable in case of death. * * * In any case it could add nothing to the gravity of the risk, neither could it lessen it. The representation was not material."

Under the statute under which defendant company was organized, a dependent is eligible to a benefit certificate, and among others eligible the act provides that a certificate may be made payable to the estate of insured. Under the certificate sued on, insured had the absolute right to change his beneficiary whenever he chose to do so. So far as the certificate itself is concerned, it does not place any restrictions on the insured as to whom he may name as a new beneficiary. However, the statute, it appears, does limit new beneficiaries to the same classes as are eligible in the first instance. It appears that the defendant company has not further limited the scope of beneficiaries within the classes named in the statute as eligible to benefit certificates. Under the law applicable to this case, no difference is made in the rights of the parties as between the respective classes. From what has been said, it follows that from the nature of this contract the words and phrases descriptive of the relationship of the insured and beneficiary are not material to the risk assumed by defendant, and should there be a misdescription of such relationship, it does not amount to a breach of warranty or misrepresentation avoiding the certificate.

The third proposition urged by defendant for reversal is that the court erred in striking out the testimony of the witness Gertrude Reed as to her common-law marriage with insured.

The testimony of Gertrude Reed was offered by defendant to prove a common-law marriage with insured, and if this could be shown, it would follow that the subsequent ceremonial marriage with plaintiff would be void. This witness produced by defendant, on direct examination, testified as follows:

"He said he had to get his divorce if he ever could find his wife, Essie, in Louisiana and then he would get married to me."

It appears that at the time of the trial this witness was going by the name of Gertrude Guy, her maiden name, and being asked about this said:

"I go back to my maiden name when I am not married to anybody."

The court did not commit error in striking this evidence as to a common-law marriage. Clearly the facts do not show a common-law marriage.

The court submitted to the jury the question of the ceremonial marriage with plaintiff. In case of conflicting marriages the presumption of validity operates in favor of the second marriage. Templeton v. Jones et al., 127 Okla. 1, 259 P. 543.

The burden was on the defendant to show that the answers and representations in the application for insurance were untrue. As to the truth or falsity of the warranty of the good health of insured in his application for insurance, there was a conflict in the evidence; this question was properly submitted to the jury. Knights & Ladies of Security v. Bell, 93 Okla. 272, 220 P. 594. The instructions of the court defining "good health," we think, fairly declared the law in accordance with the decisions of this court. National Council Knights and Ladies of Security v. Owen, 61 Okla. 256, 161 P. 178; National Life & Accident Ins. Co. v. Shermer, 161 Okla. 77, 17 P. (2d) 401. All questions of fact submitted to the jury were decided adversely to defendant.

It is to be observed that at the close of the testimony on the trial of the case the defendant did not test the sufficiency of the evidence by motion to direct a verdict, and that, under the rules of this court under such circumstances, the court will not examine the evidence to see if there is any to support the verdict, but will look to the instructions of the court and other errors complained of.

However, there is one further matter relative to the application for insurance to which we call attention. Defendant contends that in said application the applicant stated he did not carry life insurance and that this statement was untrue, and such answer being warranted to be true, the certificate was therefore void. The plaintiff in her reply admits there was other insurance, and alleges she so stated to the solicitor at the time of making the application, but that he stated it was immaterial. No evidence was offered by either party on this point, except that on cross-examination plaintiff admitted there were several policies on the life of insured, but when they were taken out, or what the nature of the insurance was, is not disclosed. For all the proof showed it could have been accident insurance, and issued after the date of the certificate. There was testimony on behalf of the defendant, by its secretary, Elizabeth Guy, that just before plaintiff went to her husband, who was sick in Louisiana, she came to the office of the defendant and paid two assessments, one a death benefit assessment of which she had learned, but of which she had not yet received official notice from defendant. At this time she inquired of the secretary if the Twen-

tieth Century was good to pay claims. She also asked, so the secretary testified, how long it would take to pay claims in case insured died. This would seem to indicate quite clearly that one of the chief officers of defendant company was advised that insured carried other insurance, and accepted assessments with that knowledge. We think the defendant waived the right to void the certificate for breach of warranty, even though it should be conceded that the answer was false and material to the risk assumed by defendant. Defendant cites no authorities to support its contention.

In the defendant's brief it gives in full the instructions offered by defendant, all of which were denied by the court, and also the instructions of the court of which defendant complains.

We think the only objections calling for comment are the objections to instructions 7 and 8. The court in instruction 7 charges the jury that the burden is on defendant to show that the answer of applicant in his application that he was in good health was false and untrue, and known by Hilda Reed to be false and untrue, or known by insured to be false and untrue. In instruction 8 the court assumes that in instruction 7 the jury were charged that they must find that the said answer, that Luvert V. Reed was in good health, was willfully false, fraudulent and misleading, before the defendant could overthrow the certificate. It is the contention of the defendant that the only question for the jury was the truth or falsity of the answers; that it was immaterial whether the answers were given in good faith or bad faith. As general proposition we think the contention of defendant is right, although no authorities are cited in support thereof. However, defendant alleges in its answer that the answer in the application as to the health of the insured, as well as nearly all the other answers and statements in the application, were false and fraudulent, and that appears to have been the attitude of defendant on the trial. As a matter of fact, under the facts and circumstances of this case as shown by the record, the answers given and representations made in the application for insurance could hardly have been false without having been also fraudulent. Taking this view of the matter, if the court committed error it was a technical error, and the defendant suffered no material injury because of these instructions. We think the court would not be justified in reversing the case on this ground. On the whole, we think the instructions given by the court fairly submitted the issues to the jury and that substantial justice has been done.

Judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys H. M. Jarrett, Charles Wells, and Courtland M. Feuquay in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Jarrett and approved by Mr. Wells and Mr. Feuquay, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and CORN, JJ., concur.