KELLY v. CANN.

No. 30161. Sept. 22, 1942.

Rehearing Denied Nov. 10, 1942.

Application for Leave to File Second Petition for Rehearing Denied May 11, 1943.

*136 P. 2d 896.*

Frank Petree, of Altus, Albert Lee Morrison, of El Reno, and W. P. Morrison, of Oklahoma City, for plaintiff in error.

John Barry, of Oklahoma City, and John W. Tyree, of Lawton, for defendant in error.

DAVISON, J. This is an action to recover damages for personal injuries. It was instituted in the district court of Comanche county on the 4th day of January, 1940, by Luther C. Cann, as plaintiff, against T. J. Kelly, as defendant.

The injuries of which plaintiff complains were sustained while he was riding in a truck being driven by one John Pierce. The truck was being used to transport beer from St. Louis, Mo., to Lawton, Okla. At the time plaintiff received his injury it was traveling along U. S. Highway No. 66 toward Lawton at a point in Missouri about

eight miles west of Springfield.

The cause was tried to a jury. The result was a verdict and judgment for the plaintiff in the sum of $10,000. The defendant has appealed and appears herein as plaintiff in error. We shall continue to refer to the parties by their trial court designation.

One of the most serious questions presented on appeal by the defendant is one of asserted fatal variance between the pleading and the proof. The alleged variance centered around the relationship existing between the plaintiff, the driver of the truck, and the defendant.

The plaintiff's petition alleged that the plaintiff was a passenger and guest of the defendant, and that John Pierce, the driver of the truck, was an employee of the defendant. The plaintiff attributed his injuries to the negligence of the driver.

In addition to a general denial the defendant pleaded that neither Pierce nor the plaintiff was an employee. He asserted that they were coemployees and fellow servants of one Roy Hennessee, and that both of the individuals were charged with the responsibility, management, and control of said truck.

On the trial of the case it developed that both the plaintiff and Pierce were employed as drivers of the truck and that the arrangement was such that they were to take turn about driving on the trips which they made.

Commencing with the opening statement and continuing through the trial, the plaintiff prosecuted the case on the theory that the plaintiff and Pierce were fellow servants with Pierce acting as vice-principal at the time plaintiff received his injuries.

The defendant objected to the prosecution of the case on this theory on the grounds that the same involved a variance. He moved for a continuance on the ground that new issues had been injected into the litigation. The rulings of the trial court were adverse to defendant.

The defendant asserts that different facts, including certain phases of the law of Missouri (a question of fact), would have been pleaded and proved if the theory upon which plaintiff relied had been forecast by his pleading.

In opposition to this position the plaintiff asserts that the defendant was not in any manner surprised by the position taken by him at the trial. He asserts that even though his petition was based upon a different theory than that which he urged upon trial of the cause, the defendant had been aware for sometime that this course would be taken.

In support of this position plaintiff's counsel calls our attention to a portion of the record which reflects that about three weeks prior to the trial (that is, on April 13th preceding the trial on May 6, 1940) he wrote one of the attorneys for the defendant advising him in substance that plaintiff's position would be that both plaintiff and Pierce were employed by Kelly to drive the truck; that they were to work shifts, that is, take turn about in driving, and that Pierce was driving when plaintiff was injured. He thus advised that the facts relied on were different than the implications of the petition. He did not, however, assert the legal conclusion that the driver was a fellow servant acting as vice-principal. Since this was a conclusion sought to be drawn from the facts rather than a basic fact, it was less important in advising his adversary than the facts upon which it rested. 12 O. S. 1941 § 311 provides:

"No variance between the allegations in a pleading and the proof, is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleading to be amended, upon such terms as may be just."

And 12 O. S. 1941 § 312 provides:

"When the variance is not material, as provided in the last section, the court may direct the fact to be found, according to the evidence and may order an immediate amendment without cost."

Upon consideration of these sections and in view of the written communication above referred to, which preceded the trial, the trial court decided that the variance was not fatal.

It is, of course, obvious that even under the liberal provisions of our Code a letter cannot in itself operate as an amendment to a formal pleading. However, it may eliminate the misleading effect of a variance and thus render the variance immaterial or non-fatal. When it so operates, the pleading may be amended or treated as amended under section 312, supra.

This court has frequently held that a variance between the pleading and the proof is not fatal unless the adverse party is actually misled to his prejudice, in maintaining his action or defense on the merits. B. F. Avery & Sons Plow Co. v. Lightfoot, 174 Okla. 195, 50 P. 2d 345; United Home Protective Corporation v. Reed, 173 Okla. 610, 49 P. 2d 212; Ward v. Coleman, 170 Okla. 201, 39 P. 2d 113.

Under the foregoing statutes and decisions we are of the opinion, and hold, that the ruling of the trial court on the question of variance and its denial of the motion for continuance should be sustained.

The defendant also attacks the sufficiency of the evidence, asserting that it was inadequate in two respects. He first asserts that it is insufficient to warrant a conclusion that Pierce, the driver of the car in which the plaintiff was riding at the time of the injury, was his agent. It is the position of the plaintiff that Hennessee was the employer of the plaintiff and Pierce.

An examination of plaintiff's testimony discloses that it supports the view that defendant employed Hennessee as his superintendent, and that acting in that capacity Hennessee employed the plaintiff and Pierce. In fact, plaintiff testified that defendant advised him that Hennessee was acting in that capacity. This evidence is both corroborated and disputed by other evidence in the record. It cannot be said that there is an absence of proof sufficient to support the verdict and judgment on this point.

The defendant also asserts that there is an entire absence of proof of negligence on the part of the alleged agent of the defendant Kelly. Relating to Pierce's negligence, the evidence discloses that plaintiff and Pierce were sent to St. Louis, Mo., in the truck to return with a cargo of beer to Lawton, Okla. The beer belonged to the defendant. As we have previously mentioned, the plaintiff sustained his injuries near Springfield, Mo., when Pierce was driving. Rain was falling. The shoulders of the highway were slippery. Plaintiff was in the seat beside Pierce. Pierce attempted to pass a truck traveling in the same direction. He saw another automobile approaching over the hill traversed by the highway. In attempting to drop behind the truck to avoid the oncoming car he applied the brakes and skidded off the paving across the shoulder and turned the truck over on its side. As a result plaintiff's leg was broken.

The negligence charged to Pierce as the employee of the defendant was his attempt to go around the other truck while approaching the summit of a hill and without sufficient clear distance ahead. Plaintiff said the oncoming automobile was 300 yards away when it came into view. Pierce said it was 500 yards. The truck that Pierce was attempting to pass was traveling about 35 miles an hour.

Negligence comprehends a failure to exercise due care as required by the circumstances of the case, a failure to do what a person of ordinary prudence would have done under the circumstances, or the doing of what such a person would not have done under the circumstances.

A determination of the requirements of due care as the same should be exercised by an ordinarily prudent person rests in the first instance with the jury, and it is only where reasonable men would not differ or where the law definitely prescribes the standard of duty that the court may properly interfere with or revoke the determination of the fact-finding group. Union Transportation Co. v. Lamb, 190 Okla. 327, 123 P. 2d 660.

The circumstances, weather, condition of the paving, speed of the truck, clear distance ahead, were elements to be considered by the jury on the question of negligence. They were of such a character that reasonable men might differ in their conclusions as to the propriety of Pierce's attempt to pass the other truck. It follows that the trial court did no err in its refusal to direct a verdict for the defendant.

It is next urged by the defendant that the court erred in instructing the jury as to what constitutes an independent contractor.

An examination of the instruction given discloses that it is subject to some criticism in that it attaches undue importance to some of the features which characterize the relationship, but does not comprehend all of the factors which may be taken into consideration. There are many things which are properly cognizable in determining the existence of such a relationship. Several were mentioned by this court in Getman-MacDonell-Summers Drug Co. v. Acosta, 162 Okla. 77, 19 P. 2d 149, which case is called to our attention by the defendant.

In that case we said in paragraph 1 of the syllabus:

"An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer except as to the result to be accomplished."

We thus emphasized the element of control as a determining factor. The same element was emphasized by the trial court, and the defendant complains of the emphasis.

Assuming without deciding that other factors should have claimed a major degree of consideration in this particular case, we are of the opinion that the defendant should have drafted and submitted an instruction outlining the same, and that in the absence of such a requested instruction, error cannot be predicated on the instruction given.

It is the duty of a trial court to instruct generally upon the issues involved in a case, but failure to instruct upon a particular phase of issue is not error in the absence of request, where instructions were given applicable to the issues and evidence. Drum Standish Commission Co. v. First National Bank & Trust Co. of Oklahoma City, 168 Okla. 400, 31 P. 2d 843. See, also, Livingston v. Chicago, Rock Island & Pacific Ry. Co., 41 Okla. 505, 139 P. 260; Mills v. Hollinshed, 82 Okla. 250, 200 P. 200; Sinclair Texas Pipe Line Co. v. Ross, 175 Okla. 435, 54 P. 2d 204.

Since no instruction embracing the phases of the issue which defendant now believes should have been submitted was requested, it follows that reversible error cannot be predicated on the alleged omission of phases of the issue from the instruction given.

The defendant next urges that the trial court committed error in permitting extended reference to insurance coverage of the defendant.

In this connection the defendant calls our attention to various references in the record to insurance carried by the defendant. For instance, it was shown that the defendant Kelly was carrying public liability insurance which described the particular truck involved in this litigation. It was also shown that Hennessee had posted a policy with the Corporation Commission which described other vehicles but did not allude to the particular truck here involved, although it contained a clause under which the coverage of the policy might extend to unmentioned vehicles.

The defendant does not contend that evidence of this character was inadmissible when properly limited. Lakeview, Inc., et al. v. Davidson, 166 Okla. 171, 26 P. 2d 760; annotations 56 A.L.R. 1418, 95 A.L.R. 398, 105 A.L.R. 1325. His complaint is that reference thereto was excessive.

When the question is whether a rightful purpose was wrongfully accomplished, a certain latitude must be recognized, and in connection therewith the discretionary controlling power of the trial court must be considered. Our review of the record on this point discloses some tendency on the part of the parties to this litigation, or rather their counsel, to emphasize and dramatize the insurance feature of the case. However, these tendencies were not entirely limited to counsel who appeared for the plaintiff.

We are unable to say, after considering the various allusions to insurance, that the trial tribunal did not properly control the matter or that substantial error was committed in connection therewith.

Defendant also complains that the manner in which the trial court limited the purpose for which the evidence on insurance could be considered was improper.

His argument on this point is very brief and unsupported by cited authority. Although plausible, it is not convincing that the error committed, if any, is of sufficient substance to require a reversal.

The presumption in this court is that the trial court did not commit reversible error, and assignments of error presented by counsel in their briefs unsupported by authority need not be noticed on appeal, unless it is apparent without further research that they are well taken. Drum Standish Commission Co. v. First National Bank & Trust Company of Oklahoma City, supra.

The defendant also complains that the verdict and judgment based thereon allow an excessive recovery. The verdict was for $10,000. The evidence discloses that plaintiff sustained a broken leg. The nature of his injuries was described by his doctor as follows:

"He had a broken leg. In other words, he had the big bone of his leg broken and small bone of his leg, and lower one-half of his leg, from the examination of the X-rays of the wound of his leg, apparently one or both of the bones had penetrated the skin because according to the picture, there was considerable swelling in the tissues around the bones. It appeared to me at that swelling there must have been extensive damage to the soft tissues, what I mean by soft tissues, muscles and fat."

The leg had not completely healed at the time of trial and the doctors were unable to tell whether it would ever completely heal or not. The attending physician said that it might. Some small splinters or small particles were missing from the bone. The injury was painful. The plaintiff was a man of 44 years of age and had an earning capacity ranging from $100 to $150 per month.

In case of excessive damages a remittitur may be required as a condition to affirming the judgment. In determining whether a judgment is excessive each case must be judged largely by its own circumstances. Coca Cola Bottling Co. v. Black, 186 Okla. 596, 99 P. 2d 891; Sand Springs Ry. Co. v. McGrew, 92 Okla. 262, 219 P. 111. Thus judicial precedent on the subject constitutes only a general or rough guide. It is, however, worthy of consideration when sufficiently similar.

In Southern Kansas Stage Lines Co. v. Crain, 185 Okla. 1, 89 P. 2d 968, we required a remittitur reducing from $17,500 to $10,000 (thus approving recovery for the latter amount) where the plaintiff, a 66-year-old man, suffered a fracture of the kneecap from which he would probably recover within a year.

The injury in the cited case, like the injury in the present case, involved the loss of use of a leg. The man was older and the probability of ultimate recovery

seems to have been greater. The earning capacity of the respective plaintiffs seems to have been about the same. The recovery therein approved by this court was the same as that found by the jury in the case at bar.

In this opinion we have considered the complaints the defendant has made, concerning the proceedings of the trial court, which are sufficiently debatable to warrant discussion. Other assignments of error are presented. Our examination of them discloses that they are without substantial merit. An extended discussion in disposing of them would unduly lengthen this opinion.

Complaint is made of opposing counsel's conduct, which was not in all respects exemplary, but not sufficiently reprehensible to warrant a reversal. Complaint is also made of the instructions, which our examination discloses were not in all respects perfect, but were substantially correct and free from any defect which in this case would constitute reversible error.

The judgment of the trial court is affirmed.

CORN, V.C.J., and OSBORN, BAYLESS, HURST, and ARNOLD, JJ., concur. GIBSON, J., dissents. WELCH, C.J., and RILEY, J., absent.

---

GIBSON, J. (dissenting). In his petition plaintiff alleged that defendant was engaged in transporting beverages, principally beer, from points in Missouri to points in Oklahoma, in trucks, and that plaintiff was injured in the State of Missouri, while riding in a truck driven by one Pierce. The allegation as to the relationship, as servants or otherwise, sustained by plaintiff and Pierce to Kelly, is as follows:

"That on May 27, 1939, one John Pierce was employed by the defendant T. J. Kelly to drive and operate a certain Dodge two-ton truck with semitrailer in the conduct of the business of the defendant T. J. Kelly of hauling and transporting beer or beverages, and that on said day and date the said John Pierce was operating said two-ton Dodge truck with semi-trailer on a trip from St. Louis, Missouri, to Lawton, Oklahoma. Said truck was at the time and place complained of herein loaded with beer. That this plaintiff was riding in said truck as a passenger and guest of the defendant T. J. Kelly, and that while he was so riding in said truck as a passenger and guest at about four o'clock in the morning of May 27, 1939, while said truck was being operated on U. S. Federal Highway 66 at a point approximately 8 miles west of Springfield, Missouri, and while said truck was under the exclusive charge, control, management and operation of John Pierce, the agent servant, and employee of the defendant T. J. Kelly, the said John Pierce negligently and carelessly operated said truck causing this plaintiff to be injured as specifically described hereinafter."

Defendant in his amended answer denied that either plaintiff or Pierce was his employee, or that Pierce was his agent, servant, or employee on the date of the accident, and denied that plaintiff was riding on the truck as a passenger or guest of defendant, but alleged that both were co-employees and fellow servants of one Roy Hennessee, and that both were charged with the responsibility, management, and control of the truck, and that if Pierce was negligent, his negligence was that of a fellow servant and was not in any event imputable to defendant. Plaintiff's reply was a general denial, and a specific denial that Pierce was the agent of plaintiff.

When the attorney for plaintiff made his opening statement at the trial he stated, in substance, that he expected to prove that plaintiff and Pierce were employees of defendant and were engaged in bringing a truckload of beer from St. Louis, Mo., to Altus; that they worked in shifts driving the truck, one resting while the other drove; that the one driving the truck, while so engaged, was in full and complete charge of the truck, with all the authority which defendant would have exercised if he had personally been present; that by defendant's express direction the one driving could order the other to do anything he

wanted done; and that Pierce, while driving the truck, was the boss, and was defendant's vice-principal, and that plaintiff was injured while performing a service required of him by Pierce, while in command of the truck.

Counsel for defendant made his opening statement, and then moved for a continuance on the ground that the opening statement of plaintiff, if the facts therein stated were proved, would constitute a fatal variance from the petition, and that defendant was not prepared to meet the issues "as they now have been drawn by the plaintiff's opening statement." This motion was denied by the trial court, and defendant excepted. At the close of plaintiff's evidence, which conformed to his opening statement, counsel for defendant demurred thereto on the ground that it wholly failed to prove the allegations of the petition, and upon the request of counsel for plaintiff to reopen the case and permit him to introduce further evidence in chief, counsel for defendant again asked for a continuance, stating that the direction the proof had taken made a material difference as to his defense and changed the entire theory thereof. He further stated that he desired to plead the laws of Missouri which would apply to the action if it were contended, as it now appeared to be, that plaintiff was the employee of defendant and Pierce a vice-principal. This request was denied, and the demurrer to the evidence overruled. At the close of all the evidence defendant moved for a directed verdict on the ground that the evidence failed to sustain the allegations of the petition. This motion was denied, and the trial court then granted a request by plaintiff to amend his pleadings to conform to the proof. No amended petition was filed or amendment made in the petition on file.

That a cause of action for damages to a guest or passenger is entirely different and distinct from a cause of action for damages to an employee injured while carrying out the orders of a vice-principal or superior servant is obvious. Barnett v. St. Louis-San Francisco Ry. Co., 140 Okla. 19, 282 P. 120. And it is equally obvious that the defenses would be likewise different and distinct, as the duty of the master to his servant and the duty of the owner of the truck to a guest or passenger are entirely different. The theory of plaintiff, as set forth in the opening statement, is a complete variance from the theory set forth in his petition. Plaintiff argues that under Rule 1 of the Interstate Commerce Commission Motor Carrier Safety Regulations, 1939, he was a guest or passenger while off duty, although at the same time an employee. But this rule was not pleaded, and the case was tried on the theory that plaintiff was on duty at the time he was injured because of his obedience to the order of Pierce, his so-called superior, that he remain in the cab of the truck and stay awake so that if he needed anything plaintiff would be there.

The main contention of plaintiff is that the variance was not material, as under 12 O. S. 1941 § 311, a variance is not material unless the adverse party is misled, to his prejudice, in maintaining his action or defense upon the merits. He says that defendant was not misled for the reason that nearly a month before the trial he advised defendant's attorney by letter of what his contention would be at the trial. This letter he introduced in evidence during the argument on defendant's motion for continuance, and the trial court predicated his refusal of the continuance largely on the fact that thereby defendant was advised of the plaintiff's real theory. We are cited to no case, and we know of none, which holds that a defendant is required to plead in his answer defenses to issues not raised by the pleadings but contained in written or verbal communications made by opposing counsel. The purpose of the pleadings is to set forth the facts constituting the claims and defenses of the parties. 12 O. S. 1941 § 261. To hold that defendant was required to disregard the verified petition filed by plaintiff and plead a defense which would ignore the facts set forth therein, upon the statement of plaintiff's counsel that he intended to prove a different set of facts, would in effect

dispense with that part of our Code of Civil Procedure relating to pleadings and overrule a long line of cases holding that the petition must state all facts constituting the cause of action. Crowl v. Box, 144 Okla. 25, 288 P. 942; American Jobbing Ass'n v. James, 24 Okla. 460, 103 P. 670, and cases cited in 12 O.S.A. § 264, note 11. I do not consider that such letter rendered the variance complained of immaterial, or that it relieved plaintiff of the requirements that he set forth in his petition the facts relied upon for recovery. Plaintiff could not in this manner change the theory of his lawsuit, or amend his pleadings.

Plaintiff also calls attention to the fact that in his answer defendant denied that either plaintiff or Pierce was employed by him, but that both were employees of Roy Hennessee. The allegation as to plaintiff was surplusage, as it did not controvert any allegation in the petition as to him, but did controvert the allegation as to Pierce. Neither was it inserted in response to the letter above referred to, as the answer was filed March 11, 1940, and the letter was written April 13, 1940. I fail to see where this allegation in the answer affected the variance between the petition and the opening statement and proof of plaintiff or cured the defect in plaintiff's case.

The trial court should have granted defendant's request for continuance and permitted the parties to amend their pleadings so that defendant could make such defense as he desired, if the facts constituting the new theory of plaintiff were set forth in the petition as amended.

The allegations of negligence were predicated on the theory that plaintiff was riding in the truck as a passenger or guest of the defendant. But, commencing with the opening statement and continuing to the conclusion of the trial, plaintiff's counsel prosecuted the case on the theory that plaintiff and Pierce were fellow servants in the employment of the defendant, with Pierce acting as vice-principal at the time of the accident. When this change in theory first became apparent defendant moved for continuance on the ground that new issues had been injected into the case and that he was entitled to further time to meet the same. The court overruled the motion, and the cause proceeded to trial.

Timely objection was made to all questions propounded on the above theory of relationship, and exceptions saved by defendant to all adverse rulings thereon. At the close of all the evidence plaintiff moved to conform the pleadings to the proof. The motion was sustained over defendant's objection.

I agree with defendant that the trial court erred in permitting amendment of the pleadings after trial.

The variance between plaintiff's evidence and the allegations of his petition concerning the relationship of plaintiff and Pierce to defendant was a substantial one. Under the issues on this particular matter as they stood at the commencement of the trial the defendant was faced only with the task of refuting any proof that plaintiff was a guest in the truck and that Pierce was an employee of defendant. Under the new issue as permitted by the court he was compelled to overcome proof that plaintiff and Pierce were in his employment and that Pierce was his vice-principal at the time of the accident.

12 O. S. 1941 § 317 authorizes the court in its discretion to permit amendment of pleadings after trial to conform to the facts proved where such amendment does not change substantially the claim or defense. But this does not mean that the trial court may permit such amendment where the opposite party has made timely objection to the evidence. It is the duty of the trial court to confine the introduction of testimony to the issues. Citizens' Bank of Gans v. Mabray, 90 Okla. 63, 215 P. 1067. Where, as here, the defendant makes timely objection to evidence on the ground that it does not tend to support the allegations of the petition, a motion after close of the evidence to conform the pleadings to the proof cannot be granted. That rule has been fully recog-

454

nized by this court. Northwest Thresher Co. v. McNinch, 42 Okla. 155, 140 P. 1170; Lawless v. Tuthill, 97 Okla. 210, 223 P. 613. In those cases the rule is quoted from other authorities as follows:

"A motion, after the close of the evidence, to conform the pleadings to the proof, can never be granted where the admission of the evidence was properly objected to when it was offered, upon the ground that it did not tend to support the allegations of the pleadings."

A contrary rule would clearly deny the defendant adequate opportunity to defend and would therefore seriously prejudice his legal rights.

Plaintiff has offered no authority in support of his contention that the amendment was proper, but says that defendant admitted at the commencement of the trial that the issue was whether plaintiff and Pierce were defendant's employees, and Pierce his vice-principal. In this the plaintiff is mistaken. Defendant nowhere made such an admission, but repeatedly sought a continuance on every occasion where the court indicated a disposition to receive the objectionable evidence. Counsel for defendant did say that defendant had denied under oath that plaintiff and Pierce were in his employment, but this statement was made in an attempt to arrive at a stipulation as to the nature of the issue. The parties did not reach an agreement in this regard; and defendant at no time agreed that the issue should be other than that raised by the pleadings.

For the foregoing reasons, I respectfully dissent.