## MODERN ORDER OF PRÆTORIANS v. BLOOM.

No. 8329—Opinion Filed March 26, 1918.

(171 Pac. 917.)

**1. Insurance — Fraternal Beneficiary Insurance—Statute.**

An association cannot establish its status as a fraternal beneficiary association under article 19, § 3, Const., chapter 38, Rev. Laws 1910, and chapter 205, Laws 1915, by merely showing that it has a ritual, local lodges, and a representative form of government; but the character of the business transacted, and not the mere formal working of the organization, will fix its true status.

**2. Same—Character of Business—Certificates or Policies.**

In determining the character of business transacted by an association under article 19, § 3, of the Constitution, chapter 38, Rev. Laws 1910, and chapter 205, Laws 1915, it is not error to take into consideration certificates or policies issued by the association other than the ones sued on.

**3. Same — "Fraternal Beneficiary Association" — Exemptions — Statute.**

An association engaged in the business of writing 20-payment life, 10-payment life, 15-payment life, 20-year renewable term, old age benefit, 20-year installment certificates, whole life 20-year installment, and 20-payment life, policies or certificates of insurance, although having a ritual, local lodges, and a representative form of government, is not a fraternal beneficiary association, within the purview of the Constitution and statutes of this state, and is not entitled to exemption from the provisions of the insurance laws.

(Syllabus by Pope, C.)

Error from District Court, Choctaw County; C. E. Dudley, Judge.

Action by Emma Bloom against the Modern Order of Prætorians to recover on three certain certificates of life insurance. Judgment for plaintiff, and defendant brings error. Affirmed.

Gordon & McInnis and Works & Copping, for plaintiff in error.

J. M. Willis and G. Earl Shaffer, for defendant in error.

Opinion by POPE, C. In the briefs and argument, distinguished by marked ability on both sides of the case, it is contended by the plaintiff in error that certain alleged false statements in the application for the insurance preclude a recovery. The defendant in error, relying on the fact that the applications are merely referred to in the certificates and not attached thereto, insists that the applications cannot be admitted in evidence; the theory being that the Prætorians are writing old line and not fraternal insurance.

If the plaintiff is right in its insistence as to the character of business being transacted by the Prætorians, then there is an end to this case. By statute, so plain that there can be no mistake in construction, is fixed a rule that an application for life insurance, although referred to in the policy, is not admissible in evidence unless a true copy thereof is attached to and made a part of the policy; a rule having no ap-

plication to certificates of fraternal benefit insurance. Rev. Laws 1910, §§ 3467-3476, and chapter 38, art. 3, Rev. Laws 1910. It follows, therefore, that the decisive question is whether the Prætorians are engaged in writing old line insurance or merely writing fraternal benefit insurance; whether it is a life insurance company or a fraternal beneficiary association, and this must be determined from the character of the business transacted. The order cannot establish its status as a fraternal beneficiary association by merely showing that it has a ritual, local lodges, and a representative form of government, and that each of these things has more than a mere paper existence. It is true that a fraternal beneficiary association must have and operate a ritual and local lodges and a representative form of government. Rev. Laws 1910, § 3486. Yet it is the character of the business transacted, and not the mere formal working of the organization, which will fix the true status of the order. National Union v. Marlow, 74 Fed. 775, 21 C. C. A. 89.

At the very outset comes the preliminary question, What may be considered? It is contended that only the certificates sued on can be looked to in order to determine the character of the business, and that the other certificates which it issues must be put out of view.

Whatever construction may otherwise be placed on article 19, § 3, of the state Constitution, it is clear that there must be a certain mutuality and uniformity in fraternal beneficial certificates; that they cannot be issued with entire disregard of class, mutuality, and uniformity. If there must be mutuality and uniformity even in the slightest degree, then a comparison of certificates is the only way by which uniformity or the lack of it may be determined. The similarity or dissimilarity of two objects cannot be determined by an inspection limited to one only. There may be cases where it will not be found in the mouth of the insurer to deny that it is of a character indicated by the policy which it has written, but it cannot claim that its status must be determined by any one contract.

It appears that the constitution of the plaintiff company authorizes eight different classes of certificates, and that it is issuing seven of these classes, to wit, 20-payment life, 15-payment life, 10-payment life, 20-year renewable term, old age benefit, whole life 20-year installment, and 20-year installment benefit.

In this case two types of certificates are presented, the 20-year renewable term and the 20-payment 20-year installment benefit. A highly significant fact is that no one of the seven certificates issued by the Prætorians is of the type usually issued by fraternal associations, to wit, the ordinary life. Both in the Constitution and the statutes of this state are fraternal insurance and old line insurance sharply differentiated, not by any complete and differentiating definitions of the two kinds of insurance, but by a distinct code of laws applicable thereto. Const. art. 19, § 3; Rev. Laws 1910, § 3486; Laws 1915, c. 205. Said section of the Constitution is as follows:

"The revenue and tax provisions of this Constitution shall not include, but the state shall provide for, the following classes of insurance organizations not conducted for profit, and insuring only their own members: First, farm companies insuring farm property and products thereon; second, trades insurance companies insuring the property and interest of one line of business; third, fraternal life, health, and accident insurance in fraternal and civic orders, and in all of which the interests of the members of each respectively shall be uniform and mutual."

This section of the Constitution clearly recognizes that the two different kinds of insurance exist, leaving the courts to find the facts which differentiate the one from the other; and the line of demarcation is not easily expressed. The problem is primarily one of fact. In the written law, however, will be found several guides. There is little here of the salient features of old line insurance, but certain boundaries which prescribe the fraternal benefit insurance. This kind of insurance can only be written by associations having a ritual, local lodges, and a representative form of government. Rev. Laws 1910, § 3486; Laws of 1915, c. 205. The organization must not be for profit, meaning, of course, that there must be no profit except that coming to the insured, and the right of every member permitted by the Constitution must be uniform and mutual. The law in fixing these boundaries beyond which the fraternal beneficiary association must not transgress was merely stating the limitations which had ever been self-imposed by these organizations, leaving the written law out of view.

Certain well-defined distinctions have always been manifested between the two kinds of insurance. It is a matter of common knowledge that life insurance as writ-

ten by the old company, both stock and mutual, is highly complicated and involves innumerable variations of policy, form, and privileges—every gradation possible. In the combination of insurance and investment, and while any single life policy may be simple, the business as a whole is characterized by variety, complexity, and inequality and want of conformity. Fraternal benefit insurance has never taken such character; simplicity—oneness—is the dominant idea; a common association of men for a common benefit in everything, characterized with such simplicity that there is entire mutuality in interest and uniformity of right. The character of these organizations has placed same in the early types; the fraternal associations have never passed far beyond these original types. An association of men all combined to carry the same identical benefit to each and every member when distress and disaster come was and still is the dominant idea; the premortem assessment followed by the post mortem; the level premium plan and the reserve fund came in. but never had the idea of simplicity—oneness—in rights and obligations been far departed from; over and against the complexity, variety, and inequality and want of uniformity of the old line life insurance stand the simplicity, the uniformity, mutuality, and oneness of the fraternal benefit type of insurance, and this differentiating test has been carried into our Constitution in language which clearly recognizes a difference between the old line and fraternal insurance and recognizes the several different classes of such organizations. The farm mutuals or trade mutuals, and the fraternals command that the interest of the members of each respectively shall be uniform and mutual; thus in the paramount law of the state is the mandate that the fraternal shall continue to observe the fundamental ideas of uniformity and mutuality which have always characterized such organizations.

To this test, the Order of Praetorians, set its multiplied variety of certificates, omitting even the common form of such certificate, the ordinary life does not conform and by its own acts has taken away the right to claim any of the special privileges given to fraternal beneficiary associations. Neither by usage, right, or law is an organization warranted in transacting the usual life insurance business of the old line company in the guise of a fraternal beneficiary association. It is true that the fraternal beneficiary association can engage in old line insurance, but when it does the day of its special privilege is gone, nor does the order meet the requirements that the fraternal association must be conducted without profit. Each of the certificates

sued on provides for fixed, certain and invariable premium payments and provides for a fixed, certain, and invariable benefit. Haydel v. Association, 104 Fed. 718, 44 C. C. A. 169; Mrs. Knott v. Insurance Co.. 161 Mo. App. 579, 144 S. W. 178.

No provision is made in this certificate for participation of the insured in the profits, and each has the character of a profit-making contract; each is to endure for 20 years, unless insured die within the term. Certainly it requires no argument to show that a contract of this description, requiring certain fixed and unalterable premium payments and providing a certain fixed and unalterable benefit mentioned, yielded a profit or loss. The necessary result is that if the rate is adequate there must be a profit. All mutual life old line policies and many stock companies meet this uniformity of written law by incorporating a participating feature, in which particular they are more fair and equitable than the contracts sued on. The Praetorians certainly will not admit that they are operating at a loss, and if. the contract sued on will yield a profit, where does the profit go? The insured does not participate. so that the inevitable conclusion is that the profit either will go to the more favored members of the order or to a reserve fund for the future members of the order. In either case, there is a profit to some one or other than the insured, in clear violation of the constitutional requirements of mutuality and uniformity. National Protective Legion v. O'Brien, 102 Minn. 15, 112 N. W. 1050.

The plaintiff in error devotes much space to the construction of article 19, sec. 3, of the Oklahoma Constitution, and obviously it must play an important part in this and all other cases involving the distinction between old line and fraternal benefit insurance. It is contended on behalf of plaintiff in error that this provision of the Constitution merely exempts fraternal beneficiary associations from certain burdens imposed on insurance companies, and in no way restricts fraternal beneficiary associations in writing various kinds and classes of certificates. The acceptance of this construction would make the provision violative of the Fourteenth Amendment of the federal Constitution and void. Equal protection of the law guaranteed by this amendment does not permit of imposition of burdens on one class of persons engaged in a certain business and allow the exception of others engaged in precisely the same kind of business. While classification is not prohibited, it is only permissible when based on some reasonable ground; some difference which bears a just and proper rela-

tion to the classification, and not a mere arbitrary selection (Magoun v. Bank, 170 U. S. 283, 18 Sup. Ct. 594, 42 L. Ed. 1037; Barbier v. Connolly, 113 U. S. 27, 5 Sup. Ct. 357, 28 L. Ed. 923; McPherson v. Blocker, 146 U. S. 1, 13 Sup. Ct. 3, 36 L. Ed. 869); and on this principle it has been held that a statute which imposes obligations on old line insurance companies which are not imposed on fraternal beneficiary associations is a violation of that section of the federal Constitution, if it enables both to write precisely the same policy of insurance (State v. Vandiver, 213 Mo. 187, 111 S. W. 911, 15 Ann. Cas. 283).

There is no great difficulty in reaching the true meaning of article 19, § 3, of the Constitution, because by its clear effect of exempting fraternal beneficiary associations from certain burdens imposed on old line insurance companies, it recognizes the fact that old line and fraternal insurance are essentially different, and requires the state to provide for the fraternal company, divides the insurance of the latter character in certain definite classes, prohibits profit, and requires the rights of the members of every class to be mutual and uniform. Not only does this provision require the fraternal companies to conform to certain rules not in conflict with the classifications and the policies attempted by the Prætorians, but in itself the Constitution classifies the fraternal, and in so doing fixes the limit of the classifications, beyond which these associations must not go. The reading of this provision of the Constitution shows that the state recognizes three classes of insurance organizations not conducted for profit. In the case under consideration we are concerned with the class which is specified as third, and this third class does not authorize all kinds of life, accident, and health insurance, but only fraternal life, health, and accident insurance, and it is then provided that in all of them the interest of members of each respectively shall be uniform and mutual; another characteristic of fraternal insurance. The Constitution makes the classification, and the right of further classification by the fraternity is usually denied. Thomas v. Achilles, 16 Barb. (N. Y.) 491; Walker v. Giddings, 103 Mich. 344, 61 N. W. 512; National Protective Legion v. O'Brien, 102 Minn. 15, 112 N. W. 1050.

While uniformity and mutuality is not required between the life, health, and accident, it is expressly required when any further classification is attempted of either of the three constitutional classes. It is at this point that the plaintiff in error seems to fail. The order in its various certificates is attempting to make a classification beyond the Constitution, and doing so in the face of the constitutional requirement of uniformity and mutuality, for its life certificates do not give the required mutuality and uniformity of interest.

The word "mutual" in this connection denotes a common interest. Robison v. Wolf, 27 Ind. App. 683, 62 N. E. 74. Uniformity has been said to indicate sameness, a conformity to one pattern. McConihe v. State, 17 Fla. 238; Town v. State, 29 Fla. 128, 10 South. 740. Clearly it is a violation of the essential ideas to attribute uniformity and mutuality of interest as a result of 10 and 20 year certificates of insurance. In the one case, the insured is only interested in the integrity and solvency of the insurer for a period of 10 years; in the other, the interest is more extended, and it is still further extended when renewable term and annuity benefit contracts come into comparison. We can conceive of circumstances which would make the interest of the several classes of certificate holders positively hostile, and the members impelled by self-interest to oppose one another. The conclusion, we think, is that the plaintiff in error is not writing fraternal benefit insurance within the meaning of the Constitution and statutes of this state, but engaged in a life insurance business which is not fraternal in character, and is not entitled to any of the privileges applied to fraternal beneficiary associations. The rights given it must be measured by the general insurance law, and, as that law precludes the reception in evidence of application and medical examination referred to in the policy unless true copy is attached thereto, judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.