## SOVEREIGN CAMP W. O. W. v. EDWARDS.

No. 26082.   Sept. 22, 1936.

Rehearing Denied Sept. 14, 1937.

Robinson & Oden and Rainey T. Wells, for plaintiff in error.

Frank Petree, for defendant in error.

GIBSON, J. This action was commenced in the district court of Jackson county by defendant in error, as beneficiary, to recover on a certificate of insurance issued by plaintiff in error upon the life of James J. Edwards. The parties plaintiff and defendant in error are referred to herein as defendant and plaintiff, respectively.

The question of defendant's liability rests primarily upon its actual status as an insurer. If it is a fraternal beneficiary association, as is claimed, within the meaning of section 3, art. 19, Constitution, and section 10564, O. S. 1931, the policy in the instant case had lapsed prior to the death of the insured and defendant's liability was at an end.

The undisputed facts are that it was organized and is managed in all respects as a fraternal beneficiary association under the laws of Nebraska and within the meaning of the foregoing sections of the Constitution and statutes and is authorized to transact business in this state. Although the contract here in question falls within that class which may be issued by such an association in Oklahoma, the defendant does, however, issue certain classes of certificates not authorized by our statutes dealing with fraternal insurance orders. This latter fact, the plaintiff contends, classifies the defendant as an ordinary insurer and therefore subject to the general insurance laws of the state. In this connection it is said that the defendant, by issuing certificates unauthorized by the laws relating to fraternal insurance orders (chapter 51, art. 4, O. S. 1931), is deemed to have waived the provisions therein (section 10564, O. S. 1931) exempting it from the operation of the general insurance statutes. If this contention is correct, it follows that the defendant may be liable under the certificate by reason of certain statutory provisions relating to insurers generally.

The immediate and primary question therefore is: Does a fraternal beneficiary association, by issuing certificates unauthorized by the fraternal insurance statute, waive the provisions of that statute exempting it from the operation of the general insurance laws and thereby deprive itself of the privilege of pleading such exemption as a defense in an action against it upon a certificate duly issued within the powers conferred by said fraternal statute?

We have heretofore answered that question in the negative, and contrary to plaintiff's contention. Supreme Forest Woodmen Circle v. Stella Bowen, 180 Okla. 534, 71 P. (2d) 480, this day decided. That portion of the decision in that case dealing with this particular issue is adopted as the opinion here.

The judgment of the trial court holding to the contrary was therefore error.

The judgment is reversed and the cause remanded, with directions to enter judgment for defendant, including costs.

McNEILL, C. J., and BAYLESS. BUSBY, PHELPS, and CORN, JJ., concur. OSBORN, V. C. J., concurs in result. RILEY, J., dissents. WELCH, J., absent.