## SUPREME FOREST WOODMEN CIRCLE v. BOWEN.

No. 24137.   Sept. 22, 1936.

Rehearing Denied Sept. 14, 1937.

Ledbetter, Stuart, Bell & Ledbetter, for plaintiff in error.

Rittenhouse, Webster, & Rittenhouse, for defendant in error.

A. W. Fulton and Joseph F. Sheen, amicus curiae.

GIBSON, J.   The parties in error will be referred to herein as plaintiff and defendant, as they appeared at the trial.

The plaintiff was beneficiary in a certificate of life insurance issued by the defendant association upon the life of one of its alleged members.   The insured allegedly died as a result of an illness specifically excluded from the operation of the certificate by the terms of the written application therefor signed by the insured member. The application further provided that it should be considered as a portion of the insurance contract; and the insured waived the attaching thereof to the certificate.

Plaintiff predicates her cause of action upon the theory that the warranties contained in the application, to be available as a defense, should have been made a part of the contract by attaching a copy of said application to the certificate, as provided in section 10519, O. S. 1931, which reads in part as follows:

"Every policy which contains a reference to the application of the insured, either as a part of the policy or as having any bearing thereon, must have attached thereto a correct copy of the application, and unless so attached the same shall not be considered a part of the policy or received in evidence."

Defendant takes the position that it is not

subject to the provisions of the foregoing section of the statute for the reason that it is a fraternal beneficiary association as authorized by section 3, art. 19, of the Constitution, and described by section 10564, O. S. 1931, in that said section 10519 is a portion of the general laws applying to insurance (chapter 51, arts. 1, 2, and 3, O. S. 1931), and the defendant is governed solely by article 4 of chapter 51, and is, by the express terms thereof, exempted from the provisions of the state insurance laws. Section 10564, O. S. 1931.

Plaintiff's argument, therefore, must fail if defendant is a fraternal beneficiary association within the meaning of the aforesaid constitutional and statutory provisions. If it is such an association, the application becomes a part of the insurance contract without being attached to the policy, or certificate, and the insured and her beneficiary were bound by the warranties therein contained.

Section 3, art. 19, Constitution, authorizes the Legislature to provide for the formation of fraternal insurance societies, as follows:

"The revenue and tax provisions of this Constitution shall not include, but the state shall provide for, the following classes of insurance organizations not conducted for profit, and insuring only their own members:

"* * * Third, Fraternal Life Health, and Accident Insurance in Fraternal and Civic Orders, and in all of which the interests of the members of each respectively shall be uniform and mutual."

At the time of the adoption of the Constitution the Territorial statute (Sess. Laws 1901, page 119, c. 16, art. 1, brought over and put in force in the state, described such associations as follows:

"A fraternal beneficiary association is * * * a corporation, society or voluntary association, formed or organized and carried on for the sole benefit of its members, and their beneficiaries, and not for profit. Each association sha'l have a lodge system, with ritualistic form of work and representative form of government, and shall make provision for the payment of benefits in case of death, and may make provision for the payment of benefits in case of sickness, temporary or permanent physical disability, either as a result of disease, accident or old age, provided the period of life at which the payment of physical disability benefits on account of old age commenced shall not be under seventy years, all subject to the compliance of its members with its constitution and by-laws. * * *"

In 1915 (section 1, ch. 205, S. L. 1915), the Legislature amended the foregoing Territorial statute describing such associations and designating in more detail the powers granted to them. The amendment, now section 10564, O. S. 1931, reads as follows:

"A fraternal beneficiary association is a corporation, society or voluntary association formed or organized and carried on for the benefit of its members and their beneficiaries and not for profit. Each association shall have a lodge system, with ritualistic form of work and representative form of government, and shall make provision for the payment of benefits in case of death, and may make provision for the payment of benefits in case of sickness, temporary or permanent physical disability either as the result of disease, accident or old age, provided the period of life at which the payment of physical disability benefits on account of old age commenced, shall not be under seventy (70) years, all subject to compliance of its members with its constitution and by-laws. Any such association may also make provision for the payment of benefits in case of death, sickness and physical disability or either of minor children or of such of its members, or such other minor children, who desire to avail themselves of such benefits, and may also make provision for the payment of educational and industrial benefits or aids for minor children of such of its members, or such other minor children, who desire to avail themselves of such benefits, all subject to the regulations, rules, terms and conditions prescribed by the constitution and by-laws of the association. The funds from which the expenses, benefits, aid and other charges of such association shall be defrayed, shall be derived from assessments and dues collected from its members. Benefits in case of death of members shall be paid to the families, heirs, blood relatives, affianced husband or wife or to the person dependent upon the member · or be used for the payment of the last sickness and funeral expenses of the members all in accordance with the constitution and by-laws of the association. All other benefits, aids and reliefs shall be paid as authorized or directed by the constitution and by-laws of the association. Any such association may create, maintain, disburse and apply reserve or emergency funds in accordance with its constitution and by-laws. The term 'fraternal beneficiary association,' wherever used in any law of this state shall be construed to mean an association such as is defined by this section. Such association shall be governed by this article (article III of chapter 38, Revised Laws of Oklahoma 1910) and shall be exempt from the provisions of the insurance laws of this state except as provided in this article, and no law shall apply to them unless they be expressly designated therein."

This section was the law in force when the present cause arose.

This case was submitted to the trial court

upon an agreed statement of facts. Therein it is shown that the defendant association was created under the laws of Nebraska as a fraternal insurance association and as such was permitted by the laws of that state to write numerous kinds of policies, including ordinary life, term payment and endowment and a number of others. It has been duly licensed as a fraternal association in this state. Its organization and the conduct of its internal affairs were, and are, in strict compliance with our Territorial statute and section 10564, supra, with the exception that it is permitted by the laws of Nebraska to offer, and does offer, to its members certain classes of life insurance not expressly within its powers to issue in Oklahoma. It further appears that the contract here sued upon is an ordinary life certificate issued to a member of the association, and is that character of insurance which a fraternal order may issue to its members in this state.

Aside from the agreed statement of facts, the ultimate financial purposes of the defendant association are in dispute. In this connection it is contended that the defendant is conducted for profit contrary to article 19, sec. 3, Constitution, and is not conducted with a view to the uniform and mutual interests of the members thereof.

Upon this state of the record we have the respective contentions of the parties that the defendant association is, and is not, a fraternal beneficiary society.

The plaintiff, basing her argument upon the decision of this court in Modern Order of Praetorians v. Bloom, 69 Okla. 219, 171 P. 917, insists that an association cannot establish its status as a fraternal beneficiary association under article 19, sec. 3, of the Constitution and the laws enacted pursuant thereto by merely showing that it has a ritual, local lodges, and a representative form of government, but the character of the business transacted, and not the mere formal workings of the organization, will fix its true status, and the trial court, in arriving at its conclusion, may take into consideration certificates or policies issued by the association other than the one sued upon.

Such was the expression of the court in the Bloom Case; and the words of the court there would seem to sustain the position of the plaintiff here. That decision, however, so far as the particular question here discussed is concerned, stands for but one proposition, namely, that where a fraternal insurance order by ultra vires act obligates itself upon contract, it may not invoke the exemption statutes of this state pertaining to fraternal orders in an action against it

upon such contract. Other statements of the court pertaining to that question and not necessary to that conclusion were merely dicta. There the policy sued upon was one not authorized by the constitutional and statutory provisions pertaining to such associations. In issuing that policy the defendant in that case was not acting as a fraternal order within the statutory and constitutional definitions of that term. Therefore the ruling of the court that in determining the status of such an organization its certificates or policies other than the one sued upon may be considered was beside the question involved.

To like effect was the expressed ruling that the court, in determining the status, would look beyond the mere internal workings of the order to the character of the business transacted. To the extent that this expression of the court would seem to sanction an investigation of the policies issued by the association beyond the particular policy sued upon was not within the issue, and amounted to dictum.

We are unable to subscribe to the proposition that the court in that case intended to lay down a rule that all such organizations should for all time lose their identity and status as fraternal insurance societies if at any time in their history they should issue ultra vires insurance contracts.

We think the following paragraph taken from the body of the opinion will clarify to some degree the real purport and meaning of the decision in the Bloom Case:

"While uniformity and mutuality is not required between the life, health, and accident, it is expressly required when any further classification is attempted of either of the three constitutional classes. It is at this point that the plaintiff in error seems to fail. The order in its various certificates is attempting to make a classification beyond the Constitution, and doing so in the face of the constitutional requirement of uniformity and mutuality, for its life certificates do not give the required mutuality and uniformity of interest."

The court, in making that statement, had under consideration the unauthorized and ultra vires policy there sued upon, together with that portion of article 19, sec. 3, Constitution, requiring the interests of members of a fraternal association to be uniform and mutual. By this statement the court has, in effect, said that the Constitution authorized such associations to issue only policies of ordinary life, health and accident, and any attempt on the part of the association to classify these general types into subdivisions

and to write policies accordingly was a violation of the Constitution, destroyed the required uniformity and mutuality of interest among the members, and placed the insurer in the status of an old line company in so far only as the ultra vires policies were concerned, and therefore removed such association from the operation of the exemption statute, section 10564, supra, 'and subjected it to the provisions of section 10519, supra, requiring the application to be attached to the policy in order that it may become a part of the insurance contract.

The decision in the Bloom Case indicates that the Constitution requires a uniformity and mutuality of interest of the members in all policies issued by the association. This could not be. Section 3, art. 19, refutes that theory for the reason that uniformity and mutuality of interest of members holding respectively life policies, health policies, and accident policies could in no wise be uniform or mutual in so far as those policies and payment of losses thereunder are concerned; and the Constitution specifically authorizes the issuance of all three classes.

We say that the foregoing clause of the Constitution means merely that the interests of the members of a fraternal insurance society must be uniform and mutual only in so far as the internal management of the society and distribution and enjoyment of its benefits are concerned, without regard to benefits received by individual members under their respective authorized policies. The evidence here shows that in this respect the interests of the members of the defendant association are in every way uniform and mutual.

It is further contended that defendant is operating its business for a profit, and since that is true, it cannot be a fraternal beneficiary association within the meaning of article 19, sec. 3, of the Constitution.

We see no evidence of profit sharing in this case. The association may have had a reserve fund created from dues and assessments of its members, but the statute, section 10564, supra, specifically authorizes such a fund.

The evidence in this case is that the defendant association was organized, and its internal affairs managed and controlled in conformity with article 19, sec. 3, of the Constitution and section 10564, supra. These facts, we hold, definitely fix the defendant's status as that of a fraternal beneficiary association. Since it was a fraternal beneficiary association and its policy issued to the insured member herein was of that class authorized by the Constitution and statutes, it is entitled to all exemptions and privileges granted such associations by law, and the statutory requirement, section 10519, supra, that the insured's application be attached to the certificate of insurance in order that the insurer may avail itself of the warranties therein does not apply. National Benevolent Soc. v. Russell, 173 Okla. 331, 48 P. (2d) 1047. Under such state of facts, in an action to recover on a certificate of insurance, the beneficiary may not inquire into ultra vires transactions of the association beyond the insurance contract sued upon.

The dicta expressed in the case of Modern Order of Praetorians v. Bloom, supra, so far as it may be said to be contrary to the views herein expressed, is disapproved.

We therefore hold that the trial court erred in not admitting in evidence the written application as a part of the insurance contract.

The judgment is reversed and the cause remanded, with directions to take such further proceedings as will accord with the views herein expressed.

McNEILL, C. J., 'and BAYLESS, BUSBY, PHELPS, and CORN, JJ., concur. OSBORN, V. C. J., concurs in result. RILEY, J., dissents. WELCH, J., absent.