JOHN HANCOCK MUTUAL LIFE INSURANCE CO. *v.* DICK.

LIFE INSURANCE—PROOFS OF DEATH—CONCLUSIVENESS OF RECITALS —ESTOPPEL.

> Statements in the proofs of death, made in good faith by the beneficiary under a life-insurance policy, upon information received from the attending physician, as to the disease which caused the death of the insured, while evidence, in the nature of an admission, of the fact stated, are not so conclusive as to estop the beneficiary from showing that the insured died from some other cause.

Appeal from Wayne; Donovan, J. Submitted June 9, 1898. Decided July 12, 1898.

Bill by the John Hancock Mutual Life Insurance Company against Elizabeth Dick to cancel a policy on the life of one John J. Dick, and to enjoin the prosecution of an action at law thereon. Defendant filed an answer in the nature of a cross-bill, asking a decree for the amount of the policy. From a decree dismissing complainant's bill,

and for defendant upon her answer, complainant appeals. Affirmed.

*Alfred Russell*, for complainant.

*Philip T. Van Zile*, for defendant.

HOOKER, J.    The complainant issued an insurance policy upon the life of one John J. Dick, which he suffered to lapse.    A short time afterwards his son presented a certificate of good health, reading as follows:

> "DETROIT, MICH., February 18, 1896.
> "I, John J. Dick, of Detroit, Mich., being the person whose life is insured under policy No. 28,251 in the John Hancock Mutual Life Insurance Company, do hereby certify that I am in as good health as when first examined on my application for said policy, and that my family record is unchanged.    I also understand and agree that the payment of premium due January 8, 1896, is received, and said policy is now reinstated, by said company, on condition of the truth of the above statement.    ·    JOHN J. DICK.
> " Witness:
> "Note any change in family record below.
> · " I witness the above.
> > "H. C. JUDSON, M. D.,
> > " Physician of Family."

At the same time the overdue premium was paid.    A day or two later, John J. Dick died.    The bill was filed to cancel the renewal receipt given at the time the premium was paid, and has been before us, upon demurrer, on a former occasion.    See 114 Mich. 337.    It is now before us upon the merits, having been appealed by the complainant, against whom a decree for the amount of the policy was granted in the circuit court.

Two questions are presented:    *First*, the claim that the renewal was obtained by fraud; and, *second*, that the certificate was a warranty of good health, which the proof shows that Mr. Dick did not enjoy at the time.

In our opinion, the preponderance of the evidence shows that the renewal was not obtained through fraud.    It is true that the statements made by Dr. Judson may be

criticised as not entirely consistent upon the subject of the time that he was called to treat the deceased for his last illness. But, aside from his testimony, there is much evidence, from the family, neighbors, and acquaintances, tending to show that the deceased was not attacked by his last illness until after the renewal of the policy.

The proofs of loss state that the deceased died from typhlitis, and it is urged that the nature of this disease is such as to conclusively show that he must have been ill before the certificate of good health was furnished. We are of the opinion that the proofs justify the conclusion that he may not have died from that disease, but from some other cause. In this connection it is insisted that we must find that he died from that disease, inasmuch as the beneficiary has decided upon that, and based her claim and proofs of loss upon it. We have no doubt that the proofs of loss should be treated as evidence of the fact stated, being in the nature of an admission; but it is subject to explanation, and cannot have the effect of an estoppel, when made upon information received from the attendant physician, and in good faith. We find nothing in the case of *New York Central Ins. Co.* v. *Watson*, 23 Mich. 486, which is at variance with this doctrine; and the same may be said of the other cases cited. In *Irving* v. *Insurance Co.*, 1 Bosw. 507, where the assured furnished an account of loss under a clause in the policy requiring it, and making it a condition precedent to "*his right to recover*,"—the loss "not being payable until 60 days after such account is delivered,"—it was held that the defendant had a right to take the facts as he stated them, and that, had they been subsequently corrected, it would have been entitled to 60 days for examination, and that, "for the purposes of this action and its decision, the plaintiff is concluded by his affidavit." That falls short of the broad contention made here. The case of *Campbell* v. *Insurance Co.*, cited as 99 Mass. 317, we do not find.[1]

[1] See 10 Allen, 213.

Upon the proofs, we think that the complainant has failed to sustain the case made by the bill

The decree is affirmed, with costs.

The other Justices concurred.