## CITY OF PAWHUSKA v. MARTIN.

No. 20317.   Opinion Filed July 21, 1931.

A. B. Campbell, for plaintiff in error.

John W. Tillman, Fred A. Tillman, and Welcome D. Pierson, for defendant in error.

HEFNER, J. This is an action by William Martin, by Buler Martin, his mother and next friend, against the city of Pawhuska, to recover damages because of an alleged injury to his eyes.

The trial was to a jury and resulted in a verdict and judgment in favor of the plaintiff in the sum of $500.

Defendant first contends that the court erred in overruling its motion for a directed verdict for the reason that plaintiff failed to establish primary negligence. The evidence discloses the facts to be about as follows: The plaintiff was a minor, eleven years of age. The defendant owned and operated an electric light system in the city of Pawhuska. About the 18th or 19th of June, 1926, a storm arose in the city of Pawhuska, which blew down a tree close to plaintiff's home. The falling of the tree caused the electric wires of defendant to fall to the ground. These wires contained a high voltage of electricity. On the day, and the day after the wires fell, the city was notified thereof by telephone. Notwithstanding these notices, the city permitted the wires to remain on the ground for a period of three or four days. On the 26th day of June, 1926, plaintiff and William Crutchfield, also a minor, while playing with these wires, received injuries to their eyes.

Defendant defended on the ground that it had no notice that the wires were down at this point, and denied that it received notice thereof prior to the alleged accident. We think the evidence was sufficient to take the case to the jury on this question.

This is a companion case to the case of City of Pawhuska v. Crutchfield, 147 Okla. 4, 293 Pac. 1095. The evidence in both cases is substantially the same. The court in that case held the evidence sufficient to support the verdict. Under the authority of that case, we hold that the evidence herein is sufficient to support the judgment.

Defendant further contends that the court erred in admitting the evidence as to the notice given the city for the reason that it was alleged to have been given by telephone; that the witnesses could not identify the parties to whom they were talking, and could not testify that a representative of the

city received the message. These witnesses testified that they called phone No. 51; that this was the number listed as the telephone of the electric light and water department of the city; that the parties answering the call purported to be representatives of the city. The same contention was made by the city in the case of City of Pawhuska v. Crutchfield, supra. It is there said:

"Where one installs in his office a telephone, under a distinctive number, as part of a system, he thereby invites communications as to his business through that medium; and where another, in regular course, so communicates with a person who answers a call of that number and assumes to be the proprietor, the caller's conversation is not rendered inadmissible because he could not identify the answering voice, but it is for the jury to say whether or not the proof identified such speaker."

This disposes of defendant's contention on this question.

Plaintiff's mother was permitted to testify over defendant's objection that pus ran from plaintiff's eyes, that they were red and swollen, and appeared to be inflamed. This evidence was objected to on the ground that witness was not properly qualified to testify. She did not testify as to the extent of plaintiff's injury. She simply testified as to what she observed and saw. There was no error in admitting the evidence.

Objection was also made to the evidence of witness, Miss L. G. Todd. This witness testified that she was public health nurse for the county of Osage; that it was her duty to inspect pupils of the rural schools, and especially examine their eyes as to vision; that she did examine plaintiff's eyes, and made the following memorandum or note addressed to his parents:

"School Inspection.

"To the parents or guardian of William Martin. On examination, I find that this child shows an abnormal condition of defective vision in both eyes, and advise you to take him to your family (physician or dentist).

"Signed: L. G. Todd,
"Public Health Nurse."

This note was offered in evidence. It was objected to on the ground that the witness had not properly qualified as an expert. We need not determine this question. Two physicians testified as to the nature and extent of plaintiff's injury. Dr. Rust testi-

fied that he examined plaintiff's eyes after the injury; that he made a thorough examination; that he found him suffering from electric sore eyes, in his opinion, caused by a flash of electricity or gas light; that the eyelids were slightly swollen and red; that they remained sore for several months, but that plaintiff at the time of the trial had completely recovered. Since the condition of plaintiff's eyes was fully testified to by competent expert witnesses, the evidence of Miss Todd, even though erroneously admitted, in our opinion, could in no manner have affected the verdict. If there was error in admitting this evidence, it is harmless.

The trial court, in its instructions, charged the jury that, in the event it found for the plaintiff, it might take into consideration as an element of damages the extent of plaintiff's injury, whether permanent or not. A general exception was taken by defendant to this instruction. It is now contended that the instruction is erroneous for the reason that it submitted to the jury as an element of damages the permanency of the injury; that there is no evidence of a permanent injury. The instruction in this respect is technically erroneous. It does not appear, however, that defendant called the court's attention to the particular objection here made. No instruction correctly stating the measure of damages was requested by defendant. The damages awarded do not appear to be excessive. The judgment will not be reversed because of this inaccuracy in the instruction. Midland Valley Ry. Co. v. Kersey, 59 Okla. 9, 157 Pac. 139; Dodson & Williams v. Parsons, 62 Okla. 298, 162 Pac. 1090; Planters' C. & G. Co. v. Penny, 53 Okla. 139, 155 Pac. 516; Great Western Coal & Coke Co. v. Coffman, 43 Okla. 404, 143 Pac. 30; Rhodes v. Lamar, 145 Okla. 223, 292 Pac. 335.

Complaint is also made that the verdict is excessive. In the companion case, supra, a verdict of $1,250 was held not excessive.

The judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

Note.—See under (2) anno. 6 L. R. A. (N. S.) 1180; L. R. A. 1918D, 720; R. C. L. Perm. Supp. 2785.