DANNER et al. v. CHANDLER.

No. 34093.   Oct. 9, 1951.

*236 P. 2d 503.*

Draper Grigsby, Oklahoma City, for plaintiffs in error.

Champion, Champion & Wallace, Ardmore, for defendant in error.

CORN, J.   This is an action brought by Ernest Chandler against Noble Danner, doing business as Danner's Trucking Company, Highway Insurance Underwriters, corp., and John Burns, to recover damages to his truck and personal injury damages because of an alleged collision between a truck driven by plaintiff and a truck driven by defendant Burns, an employee of defendant Danner, which truck belonged to defendant Danner.   The damages it is alleged were caused by the negligence of defendant Burns, driver of the Danner truck.

Defendant Highway Insurance Underwriters is defendant Danner's indemnity insurance carrier.

The defense consists of a general denial and an affirmative plea of contributory negligence and unavoidable accident.

The trial was to a jury.   It returned a verdict in favor of plaintiff in the sum of $375 for injury and damage to the truck and personal injury damages in the sum of $850.

Defendants appeal.   Numerous errors are assigned but defendants in their brief rely only on the following assignments:

"(1.) Error of law occurring at the trial and excepted to by plaintiffs in error.

"(2.) Error of the court in giving Instruction 14 to which plaintiffs in error excepted and exceptions were allowed."

There is no dispute that the collision occurred between the two trucks as claimed by plaintiff and that by reason thereof the truck was damaged beyond repair.   Neither is it disputed that the collision occurred because of the negligence of the driver of the defendant Danner's truck and that his negligence

was the proximate cause of the injury. The evidence in this respect shows: On October 14, 1947, plaintiff was returning from Oklahoma City to his home in Jacksonville, Texas. He was driving south when he arrived at the Washita river bridge south of Davis. The defendant's truck, driven by Burns which was following him, ran into the rear of his truck. There was at that time another truck parked close to the bridge on the east side of the highway and near that point a highway patrol car was parked on the west side of the highway; upon observing this condition plaintiff slackened the speed of his truck from about 20 miles per hour to 15 miles per hour.

When plaintiff's truck was struck in the rear the impact caused the truck to collide with the truck parked on the east side of the highway. After hitting that car plaintiff's truck rolled over and collided with the patrol car parked on the west side of the highway; that as a result of the collision plaintiff's truck was damaged beyond repair. There is also evidence tending to show that as a result thereof plaintiff's right hand was to some extent permanently injured.

The evidence also shows that defendant Burns, driver of the Danner truck, was driving at such distance behind plaintiff's truck as not to be able to stop within the clear distance ahead.

There is some dispute in the evidence as to the value of plaintiff's truck immediately prior to the collision, but there is no dispute as to the value immediately thereafter which the evidence shows to be $125. Defendants do not contend that the damage allowed by the jury for damage to the truck is not sufficiently supported by the evidence. We shall not therefore further discuss this question.

There is a conflict in the evidence as to whether the injury to plaintiff's hand was caused by the accident or whether it was due to other causes. Defendants, however, in effect, concede that, under the evidence admitted in the case and the instructions of the court, there is competent evidence to sustain the verdict of the jury as to the damages allowed for injury to the hand.

It is, however, contended by the defendants that the evidence of Dr. Moore, who testified in behalf of plaintiff, was improperly admitted for the reason that, in stating his opinion that the injury to the hand was probably caused by the truck accident, it was based partly upon the history of the case furnished him by plaintiff at the time the examination was made; that the examination was not made for the purpose of treating the hand but was made instead to qualify the doctor as an expert witness to testify in the case; that his evidence should therefore be excluded. Before entering into a discussion of this question, we think it necessary to briefly refer to the evidence given by plaintiff as to his hand. In this respect plaintiff testified: After the accident he noticed a bruise on his right hand and it started to swell. He then returned to his home in Jacksonville, Texas. He was there treated by a physician but the treatment did not help the hand, it gradually grew worse. He then went to a hospital and had an operation performed on the hand. He suffered severe pain prior to the operation and still occasionally suffers some pain. He is not able to use the hand as before.

Dr. Moore testified that on or about the 12th day of September, 1948, he examined plaintiff's hand at the request of his attorney. He obtained from plaintiff a history of the accident, which history is substantially as stated in detail by plaintiff in his evidence; that as a result of this examination and history of the case, the doctor made a detailed statement as to the condition in which he found plaintiff's hand. The middle finger of the hand had been injured and there was no voluntary motion in the joint of the finger at the distal joint. The index finger is smaller than normal. He could not straighten

the hand and it is to some extent permanently injured; that in his opinion the condition of the hand was probably due to the truck accident. It is conceded that the doctor did not examine plaintiff's hand for the purpose of treating it.

It is contended by defendants that the doctor's evidence and opinion is for this reason inadmissible in evidence. We do not agree. In Chicago. R. I. & P. R. Co. v. Jackson, 63 Okla. 32, 162 P. 823, the following rules are announced:

"A physician in giving evidence as an expert may testify to a statement made him by the patient in relation to his condition, symptoms, sensations, and feelings, both past and present, when such statements were received and were necessary to an examination, with a view to his treatment, and when made the basis, in part at least, of the physician's opinion; but such testimony cannot be considered as independent evidence of the facts stated, except in cases where the same is competent as forming a part of the res gestae.

" . . .

"Expert testimony of a physician, based on a physical examination of the patient, after action instituted by him to recover damages for an alleged personal injury, though made partly for the purpose of enabling the physician to testify as a witness, is not, on that account alone, incompetent, though constituting a fact which may materially affect his credibility."

In St. Louis & S. F. R. Co. v. McFall, 63 Okla. 124, 163 P. 269, it is said:

"A physician who has examined the patient (so far after the accident that his statements to the patient cannot be said to be a part of the res gestae) for the purpose of testifying as an expert can base his opinion on the subjective, together with the objective, symptoms of the patient, relying on a history of the case, including the fact of the accident, as a circumstance upon which he came to his conclusion."

We have many times held in compensation cases that testimony of a physician as to his medical conclusion, based in part on statements made by the patient at the time of the exam-ination though the examination was not made for the purpose of treatment, is admissible in evidence. Sutherland Lumber Co. v. Roberts, 167 Okla. 646, 31 P. 2d 581; Quality Ice Cream Co. v. Jones, 155 Okla. 197, 8 P.2d 751; Bartlett-Collins Glass Co. v. Washabaugh, 166 Okla. 90, 26 P.2d 420. The trial court committed no error in admitting in evidence the opinion of Dr. Moore as to the cause of the injury. Furthermore, several physicians who had examined plaintiff's hand for the purpose of treatment reached the same conclusion as did Dr. Moore as to the condition of the hand and as to the cause thereof.

It is next contended by defendants that the court erred in denying their motion for declaration of mistrial. The record in this respect discloses: In answer to the following question, "Tell the jury just what you did with your car", plaintiff, in substance, testified that he took the truck to the Ford station at Davis, Oklahoma. He was told the truck could not be repaired, and further testified that he then asked defendant Danner what he should do with the truck. He was advised to bring it back if possible and to then make a claim to defendant insurance company for his damages in two reports and mail them to the company and that the insurance company would forward him a check for the damages. Defendants objected to the evidence offered by plaintiff to the effect that Danner told him that if the reports were made, defendant insurance company would pay the damages.

They moved the court to strike such portion of plaintiff's answer and requested that the court declare a mistrial on the ground that it was an attempt to show an offer of compromise and settlement.

The court sustained the motion to strike and instructed the jury not to consider such evidence, but denied defendants' motion for declaration of mistrial.

We do not think the evidence was objectionable on the grounds stated in

the motion. The evidence offered was not responsive to the question propounded by counsel but consisted of a voluntary statement of the witness. It does not in any manner refer to an offer made by either party to compromise and settle the matter in controversy. It does not tend to show an offer of compromise and settlement. Cole v. Harvey, 200 Okla. 564, 198 P.2d 199.

The court, however, did not sustain the motion to strike on the grounds stated in the motion. He struck the evidence and instructed the jury not to consider it on the ground that the evidence was incompetent. Assuming that the evidence objected to was for any reason incompetent, the error of the witness in volunteering the evidence was not of sufficient consequence to have required the court to declare a mistrial, as it does not appear that defendants suffered any prejudice by reason thereof. The court ruled correctly in denying defendants' motion for a declaration of mistrial. Fleming v. Pattillo, 196 Okla. 557, 167 P.2d 40; Grooms v. Johnson, 192 Okla. 527, 138 P.2d 98.

Defendants finally contend that the trial court committed error in its instruction No. 14. The court, in this instruction, among other things, charged the jury in fixing compensation to plaintiff for injury to his hand, it might take into consideration pain and suffering which he had already endured and which he would be likely to endure in the future. It is the last part of this instruction to which defendants object. They assert there is neither pleading nor proof to support it. We agree that the instruction as to future pain and suffering is not supported by either pleading or proof. This portion of the instruction should not have been given. We fail to see, however, where defend-

ants suffered any prejudice by reason thereof. It does not appear that the damages allowed are excessive.

Eliminating entirely the question of future pain and suffering, the evidence amply supports the verdict. It is highly improbable under the evidence in this case that the jury allowed plaintiff increased damages because of future pain and suffering. The judgment will therefore not be reversed because of the error in this instruction. This court, in Rhodes v. Lamar, 145 Okla. 223, 292 P. 335, so held under similar circumstances as to the identical instruction here involved. In City of Pawhuska v. Martin, 151 Okla. 24, 1 P. 2d 638, it appears that in a damage suit the trial court in its instruction submitted to the jury as an element of damage the question of permanency of the injury. There was a total lack of evidence tending to show that the injury was permanent. This court on appeal refused to reverse the judgment because of this error in the instruction. It is there said:

". . . It is now contended that the instruction is erroneous for the reason that it submitted to the jury as an element of damages the permanency of the injury; that there is no evidence of a permanent injury. The instruction in this respect is technically erroneous. It does not appear, however, that defendant called the court's attention to the particular objection here made. No instruction correctly stating the measure of damages was requested by defendant. The damages awarded do not appear to be excessive. The judgment will not be reversed because of this inaccuracy in the instruction. . . ."

The above authorities support the conclusion here reached. Judgment affirmed.

GIBSON, DAVISON, O'NEAL, and BINGAMAN, JJ., concur.