**BYLER v. WABASH R. CO.**

No. 14382.

United States Court of Appeals,
Eighth Circuit.

May 1, 1952.

Rehearing Denied May 23, 1952.

Fred J. Freel and Robert L. Robertson, Kansas City, Mo., for appellant.

David R. Hardy, Kansas City, Mo. (J. H. Miller, St. Louis, Mo., John S. Marley, Sam B. Sebree and Sebree, Shook, Hardy & Hunter, Kansas City, Mo., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

GARDNER, Chief Judge.

This action was brought by appellant Gordon Byler against Appellee Wabash Railroad Company under Section 11, Title 45 U.S.C.A., to recover damages for personal injuries. The parties will be referred to as they appeared in the trial court.

Plaintiff alleged, so far as here material, that at and prior to August 17, 1949, he was in the employ of the defendant as a switchman, and that at the time in the complaint mentioned he and the defendant were engaged in interstate transportation, the defendant being a railroad common carrier; that as a part of his duties he boarded one of defendant's moving cars for the purpose of setting the hand brakes thereon in order to retard the speed of said car or bring it to a stop in the course of a switching movement then in process in defendant's yards in Kansas City, Missouri; that upon proper application of the hand brakes in the course of his attempt to slow down or stop the moving cars the brakes failed to function properly; that the brakes were not efficient brakes and although properly manipulated failed to impede the speed of the moving cars, with the result that a violent collision occurred between said moving cars and other cars standing stationary on the track; that by reason of defendant's violation of the Safety Appliance Act he was caused to suffer severe personal injuries.

Defendant's answer admitted its corporate existence and that it was at the time in the complaint alleged a railroad common carrier. It denied generally all other allegations in the complaint. It then pleaded affirmatively that if it was negligent in any of the respects charged in plaintiff's complaint whatever damage plaintiff sustained was due to "plaintiff's negligence which caused or contributed thereto in that although plaintiff saw and knew or by the exercise of ordinary care could have seen and known of the conditions then and there existing, of the speed of said moving cars and of the stationary cars standing in their path and of the length of time necessary to board said car and effectively apply the brakes, he failed to exercise ordinary care for his safety in boarding said car referred to in his amended complaint, when he knew or in the exercise of ordinary care should have known that said moving and stationary cars would come into collision before said moving cars could be stopped."

So far as the issues presented on this appeal are concerned, there is no serious dispute in the evidence and the sufficiency of the evidence is not questioned. Plaintiff at the time of receiving his injuries was employed by defendant as a switchman in defendant's yards at Kansas City, Missouri. He was standing between a string of twelve to fourteen cars to the west of him and a string of three cars attached to the switch engine to the east of him. The three cars were cut off from the engine and permitted to run down grade toward the standing cars. As these three cars passed plaintiff he boarded the stirrup on the ladder at the east end of the east car to climb to the brake platform and ap-

ply the brakes because he believed the moving cars were gaining speed too fast and that if not checked they would be going too fast to make a safe coupling. When plaintiff reached the brake platform and applied the hand brake tightly in the usual manner the brake lever slipped on the first application and then he made a second application but the brake failed to slow or stop the moving cars. As the cars collided the impact was such as to throw him from the box car he was on to the ground. There was evidence from which the jury might have found that had the brake functioned properly the speed of the moving cars would have been slowed down before they collided with the standing cars.

The action was tried before a jury and resulted in a verdict for defendant, and from the judgment entered on the verdict plaintiff prosecutes this appeal. As has been observed, the sufficiency of the evidence is not challenged but plaintiff seeks reversal on the ground that the court erred in admitting certain testimony over his objections and that the court likewise erred in refusing to give certain instructions requested by him and in the giving of certain instructions on its own motion.

The Safety Appliance Act, under which this action was brought, provides among other things that, "It shall be unlawful for any common carrier subject to the provisions of sections 1–16 of this title to haul, or permit to be hauled or used on its line, any car subject to the provisions of said sections not equipped with appliances provided for in sections 11–16 of this title, to wit: All cars must be equipped with secure sill steps and efficient hand brakes; * * * ."

Where liability for injury on the part of a common carrier engaged in interstate commerce is predicated on its failure to comply with the requirements of the Safety Appliance Act, it is not necessary to allege or prove negligence on behalf of the carrier other than failure to comply with the Act. Compliance with the Act is an absolute duty and any failure in this regard resulting in injury to an employee gives rise to liability. The statutory duty can not be satisfied by the exercise of reasonable care but if it appears that the appliance was defective or out of repair, or failed properly to function at the time the injuries were received, no importance can be given to the question of whether or not this condition was attributable to negligence on the part of the carrier. Myers v. Reading Co., 331 U.S. 477, 67 S.Ct. 1334, 91 L.Ed. 1615; Carter v. Atlantic & St. Andrews Bay Ry. Co., 338 U.S. 430, 70 S.Ct. 226, 94 L.Ed. 236; Zumwalt v. Gardner, 8 Cir., 160 F.2d 298; Missouri-K.-T. R. Co. v. Ridgway, 8 Cir., 191 F.2d 363. Not only is proof of negligence on behalf of defendant, other than the failure to comply with the statutory requirement, not necessary to establish liability, but neither is contributory negligence nor assumption of risk a defense in such an action.

It is apparent from the record in this case that counsel for the defendant did not have in mind the limitations imposed by the Safety Appliance Act on defenses to actions for personal injury as in his opening statement, before the introduction of any evidence, he stated that he proposed to show that when plaintiff began to work for the defendant and at the time he made his application for employment, the nature of his work was explained to him and that "the dangers inherent in that work to a person not using caution for his own safety, or to a person who exercises bad judgment or is careless, were explained fully to Mr. Byler and the evidence will be that in that type of work there is certain danger inherent." This was objected to on the ground that it was on the border of assumption of risk, but counsel for defendant stated:

"I want to tell this jury that the evidence will show that Mr. Byler knew what to expect from the Railroad if he didn't exercise his own judgment. I don't propose to tell them that if the Railroad was negligent they were not liable.

"The Court: No. Very well. That is on the question of *contributory negligence.*" (Emphasis supplied.)

■ Consonant with this theory of defense urged at the very inception of the trial by counsel for the defendant he was permitted over objection to cross-examine plaintiff relative to a written application signed by him when he entered the employ of the Railroad Company. Under the guise of identifying the instrument counsel read its contents, all over plaintiff's objection, and then offered the instrument itself in evidence. This instrument contains recitals to the effect that the defendant's yardmaster had informed plaintiff of his duties in connection with his employment and "has explained to me that the performance of said duties will expose me to great dangers, the risk of which I assume for myself; and that I must use proper and constant care to avoid injury to myself and others. I have received and will read the Book of Rules and Regulations of said Railroad Company and promise to make myself familiar with them and agree to be governed by them and such additions thereto and alterations thereof as may from time to time be made. I have also received a list of danger points or places where special care is required by trainmen to prevent collisions with bridges above or obstructions on side of track on the Kansas City terminal division of said railroad and agree to take notice of all bridges and obstructions and so perform my duty as not to be injured by them." This testimony went directly to the issue of assumption of risk which is not a defense in such an action. It may also have been pertinent to the question of plaintiff's contributory negligence which, of course, is not a defense in an action based upon the Safety Appliance Act. The instrument specifically recites in effect that the inherent hazards or dangers of employment are assumed by the employee. Thus it is said that "the performance of said duties will expose me to great dangers, the risk of which I *assume* for myself." (Emphasis supplied). This did not go to the question of the efficiency of the hand brake nor as to whether the accident in whole or in part was due to the condition of the hand brake.

■ Section 54, Title 45 U.S.C.A. provides that in an action such as this " * *

no employee shall be held to have assumed the risks of his employment in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee." It is said that the issue of assumption of risk was not in the case but this evidence was admitted over objection and the court did not in its instructions tell the jury that the assumption of risk was not a defense although it was requested so to do. As said by the Supreme Court in Schlemmer v. Buffalo, R. & P. Ry. Co., 205 U.S. 1, 27 S.Ct. 407, 409, 51 L.Ed. 681, " * * * unless great care be taken, the servant's rights will be sacrificed by simply charging him with assumption of the risk under another name." It is apparent from counsel's opening statement and from his action in introducing this evidence that the assumption of risk was made an issue. In connection with the introduction of this evidence plaintiff was cross-examined for the purpose of showing that he knew at the time he was employed that there were certain dangers in connection with switching cars and that he had had them explained to him. The instrument so far as it purported to require plaintiff to assume the risk of his employment was, of course, void. Sec. 55, Title 45 U.S.C.A.

In Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 63 S.Ct. 444, 446, 87 L.Ed. 610, the court, among other things, said:

"We hold that every vestige of the doctrine of assumption of risk was obliterated from the law by the 1939 amendment, and that Congress, by abolishing the defense of assumption of risk in that statute, did not mean to leave open the identical defense for the master by changing its name to 'non-negligence'. As this Court said in facing the hazy margin between negligence and assumption of risk as involved in the Safety Appliance Act of 1893, 45 U.S.C.A. § 1 et seq., 'Unless great care be taken, the servant's rights will be sacrificed by simply charging him with assumption of the risk under another name;' and no such result can be permitted here."

As pointed out, the error in admitting this evidence was not cured by instructions and we think its admission was prejudicial error.

As the case must be reversed we think it appropriate to make some reference to the instructions, the correctness of which is here challenged. The plaintiff requested an instruction to the effect that his action was being tried under the Safety Appliance Act and the Employers' Liability Act, and that under the provisions of the Safety Appliance Act the Railroad Company "owed the plaintiff Gordon Byler an absolute and unqualified duty not to use or permit to be used on its line any car not equipped with an efficient hand brake; and that under the Federal Employers' Liability Act, the plaintiff does not assume the risk of injury by reason of defendant's failure if any, to equip its cars with efficient hand brakes." This instruction was not given. The plaintiff also requested instruction that if the failure of the hand brake to function properly "contributed to or caused" plaintiff's injury, then plaintiff would be entitled to recover. This instruction was not given, nor did the court give any instruction which told the jury that if the inefficiency of the hand brake contributed to the injury as one of the proximate causes thereof, recovery might be had. The instructions as a whole left the impression with the jury that to entitle plaintiff to recover the inefficient functioning of the hand brake must have been the sole cause of plaintiff's injury.

In Carter v. Atlanta & St. A. B. R. Co., 338 U.S. 430, 70 S.Ct. 226, 229, 94 L.Ed. 236, the court among other things said:

"Once the violation is established, only causal relation is in issue. And Congress has directed liability if the injury resulted 'in whole or in part' from defendant's negligence or its violation of the Safety Appliance Act. We made clear in Coray v. Southern . Pacific Co., supra, 335 U.S. [520] at page 523, 69 S.Ct. [275] at page 277 [93 L.Ed. 208], that if the jury determines that the defendant's breach is 'a contributory proximate cause' of injury, it may find for the plaintiff."

In this case the testimony of plaintiff was to the effect that the hand brake slipped after he had tightened it and the "whole thing was loose again." He again attempted to tighten it by a second application but the brake failed to take hold. The question for the jury's determination was whether or not plaintiff's injury resulted in whole or in part from defendant's failure to comply with the Safety Appliance Act. If that failure caused or contributed to the injury, then plaintiff was entitled to recover. Myers v. Reading Co., supra; Missouri-K.-T. R. Co. v. Ridgway, supra.

We think too that the instructions as given are subject to criticism in that it is there stated that if under the circumstances the cars could not have been stopped even if the brake had functioned efficiently, plaintiff could not recover. This is repeated in many places in the instructions. The jury, however, might have believed that even if the cars might not have been stopped their speed could have been so retarded as to so reduce the jar on impact that it would not have caused plaintiff the injury which he in fact suffered.

It is not made clear by the instructions that plaintiff's contributory negligence was not a defense to this action. Section 53, Title 45 U.S.C.A. specifically provides that contributory negligence in any case where the violations by the common carrier of any statute enacted for the safety of employees contributed to the injury of an employee, shall not be a defense. Plaintiff asked for such an instruction which was not given. In O'Donnell v. Elgin, Joliet & Eastern Ry. Co., 338 U.S. 384, 70 S.Ct. 200, 204, 94 L.Ed. 187, the court said: "But this Court early swept all issues of negligence out of cases under the Safety Appliance Act."

We think it unnecessary to consider other contentions urged by counsel for the respective parties. The judgment appealed from is therefore reversed and the cause remanded with directions to grant plaintiff a new trial.