**CAMPBELL**

v.

**PITTSBURGH & WEST VIRGINIA R. CO.**

**Civ. A. No. 10218.**

United States District Court
W. D. Pennsylvania.

July 28, 1954.

Albert D. Brandon, Oliver, Brandon & Shearer, Pittsburgh, Pa., for plaintiff.

J. N. Poffinberger, Jr., Kirkpatrick, Pomeroy, Lockhart & Johnston, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is a claim for money damages which arose out of an accident in which the plaintiff employee was involved on December 14, 1951. The action was premised on two separate causes of action: One under the Safety Appliance Act and the other under the Federal Employers' Liability Act, either of which if established by the weight or preponderance of the credible evidence would entitle the employee to recover. 15 U.S.C.A. § 1 et seq.; 45 U.S.C.A. § 51 et seq.

The proceeding was tried by a jury. By special interrogatories the jury determined that the defendant violated the provisions of the Safety Appliance Act in failing to provide the car involved in the accident with an efficient handbrake and that said violation was the proximate cause of the accident. In addition thereto, the jury determined that the defendant was guilty of negligence equivalent to 72½% and plaintiff guilty of contributory negligence equivalent to 27½%.

The matters now before the court are:

1) Motion to have verdict and judgment set aside as to the action under the Safety Appliance Act.

2) Motion for new trial in the action under the Federal Employers' Liability Act.

### Motion to Have Verdict and Judgment Set Aside

■ Since there was credible evidence upon which the jury could find a causal relation between the inefficiency of the handbrake and the accident, the fact that the handbrake functioned properly on other occasions is immaterial. Once a violation of the Safety Appliance Act is established, only causal relation is in issue, since violation of that Act supplies the wrongful act necessary to ground liability under the Federal Employers' Liability Act, regardless of negligence. Neither contributory negligence nor assumption of risk is a defense in an action against a common carrier for its failure to comply with the Safety Appliance Act. Byler v. Wabash R. Co., 8 Cir., 196 F.2d 9; Carter v. Atlanta & St. A. B. Ry. Co., 338 U.S. 430, 70 S.Ct. 226, 94 L.Ed. 236.

■ Plaintiff's task under the statute was to prove that the brake was inefficient not that it was not entirely inadequate. Myers v. Reading Co., 331 U.S. 477, 67 S.Ct. 1334, 91 L.Ed. 1615; Long v. Union R. Co., 3 Cir., 175 F.2d 198, 201.

■ An evaluation of the record convinces me that substantial evidence exists upon which the jury could find a causal relation between the type of handbrake that was made available for use on the railroad car involved in the accident and the resulting injuries to the employee.

■ The jury having determined the issues in favor of the plaintiff, the evidence must be viewed in that light which is most favorable to him and it must be assumed that the jury found in favor of the plaintiff all the facts which the evidence reasonably tended to prove. Williams v. Reading Co., 3 Cir., 175 F.2d 32, and Meyonberg v. Pennsylvania R. Co., 3 Cir., 165 F.2d 50.

Motion to have verdict and judgment set aside will be refused.

### Motion for New Trial

The defendant alleges that it was error to permit plaintiff's medical witness to testify regarding the history related to him by the plaintiff on the occasion of his several examinations. Defendant contends that such testimony was not proper since the medical witness was not consulted by the plaintiff for treatment.

■ I am satisfied that testimony of a physician as to his medical conclusions based in part upon the statements made by the patient in giving a history of the case to the physician at the time of the examination, though the examination is not made for the purpose of treating the patient but for the purpose of qualifying the physician to testify as an expert witness is admissible in evidence, Danner v. Chandler, 205 Okl. 185, 236 P.2d 503; Lathem v. Hartford Accident and Indemnity Co., 60 Ga.App. 523, 3 S.E.2d 916.

■ The defendant also contends that the verdict is excessive. The measure of damages for which the plaintiff was entitled to recover was loss of wages, pain, suffering and inconvenience, past, present and future, and impairment of earning power, and I believe the verdict is amply supported by substantial evidence and that the jury was not biased or acted capriciously or unreasonably. In fact, the jury applied most reflected judgment to the issues involved, having deliberated for a period in excess of eight hours. Foresman v. Pepin, D. C., 71 F.Supp. 772, affirmed 3 Cir., 161 F.2d 872.

Motion for new trial will be refused.

An appropriate order is entered.