HASTY MESSENGER SERVICE, a co-partnership composed of Willard L. Moody and N. B. Lawrence, and Willard L. Moody, N. B. Lawrence and Mont Earl Burton, as individuals, Plaintiffs in Error,

v.

Harold C. SIMPSON, Defendant in Error.

No. 39136.

Supreme Court of Oklahoma.

July 5, 1961.

Covington & Gibbons, Tulsa, for plaintiffs in error.

C. Lawrence Elder, Tulsa, for defendant in error.

DAVISON, Justice.

This action was filed by Harold C. Simpson (plaintiff) against Hasty Messenger Service, a co-partnership, et al. (defendants) to recover for property damage and personal injuries allegedly resulting from an automobile collision.

The action is predicated on negligence of defendants on June 12, 1957, when the truck of defendants attempted to change lanes on a one way street in Tulsa, Oklahoma, and was driven into the side of plaintiff's car. The action was filed March 23, 1959. Plaintiff, a salesman, alleged injury to his neck and damage to his car; that his neck was stiff and sore and that he endured and would endure pain and suffering; that he had incurred medical bills in the sum of $60 (later amended to $95), car repair in the sum of $68.55; and prayed judgment for the total sum of $4,628.55.

The case was tried to a jury on September 28, 1959. There was little, if any, dispute as to facts of the collision or that operation of the defendants' truck violated the traffic ordinances of the City of Tulsa and was negligent. The evidence of plaintiff was that he did not suffer pain immediately

after the collision but that pain appeared and increased later in the day; that he continued to work as a traveling salesman until the pain became so severe that on September 15, 1957, he went to Dr. D in Kansas City (where plaintiff lived) and related the history of the accident and pain in his neck and was X-rayed and given therapy. The treatment terminated October 12, 1957. Other evidence will be discussed in connection with our dispositon of defendants' assignments of error.

The jury returned a verdict for plaintiff for $2,068.55, and defendants have appealed from judgment on the verdict.

Defendants argue that certain errors require reversal and that the combination of all errors deprived defendants of a fair trial.

Defendants first contend that the trial court admitted incompetent evidence. Defendants so characterize the testimony of Dr. D on the grounds that several months elapsed between the date of the collision and the time of Dr. D's examination and treatment and because Dr. D did not testify to a causal connection between the collision and the injury. Dr. D's deposition was offered at the trial and portions of it were not read because of sustained objections and election by the parties to withdraw portions thereof. Granting, as in fact the record shows, that Dr. D did not testify to a causal connection, there was competent evidence of treatment for a condition which plaintiff testified manifested itself within a few hours after the accident and which continued to get worse. Nor do we find any merit in defendants' objection to Dr. D testifying as to abnormal characteristics in plaintiff's neck as reflected by X-rays taken by Dr. D in September, 1957, and later in August, 1959. The testimony identified the X-rays as being pictures of plaintiff's neck. Plaintiff's witness Dr. F, after physical examination of plaintiff and by interpretation of the X-rays, positively testified to a causal connection between the accident and the injury of which plaintiff complained.

In the same category defendants complain of prejudice because of a statement by the trial court that payment of a fine is an admission of guilt. No citation of authority is furnished. Assuming the statement made was error, under the facts under consideration, it was harmless error. The statement was made in connection with admission of counsel for defendants that the driver of defendants' truck paid a fine for failure to yield the right of way and was made following an exchange between opposing counsel. The record shows a police officer was on the scene within 5 minutes after the accident and the driver by statement and confession admitted his failure to yield the right of way. The driver was then arrested. Under the circumstances we fail to see that the jury was influenced by the statement to reach a conclusion which was already obvious from the evidence.

Defendants likewise urge prejudice by admission of the city ordinance relative to speed and reckless driving when there was no evidence of speed in excess of the 20 miles per hour speed limit. This argument overlooks the provisions of the ordinance that a careful and reasonable speed was governed by the circumstances. The collision occurred on a laned one way street, with other traffic, as the vehicles were approaching a traffic signal light. The argument completely ignores the testimony of the driver of defendants' truck to the effect that he attempted to turn left into the adjacent lane to avoid hitting a car which stopped in front of the truck.

Assuming that some part of the evidence objected to was incompetent, still in order to secure reversal, it must affirmatively appear to have caused prejudice to the objecting party. Colonial Royalties Co. v. Hinds, 202 Okl. 660, 216 P.2d 958, and White v. Burton, 180 Okl. 499, 71 P.2d 694. With regard to the above considered evidence we fail to see that defendants were prejudiced or precluded from having a fair and impartial trial.

Defendants also contend that it was error to overrule their motion for new trial when the jury has obtained possession of

exhibits not properly admitted in evidence. It appears that when Dr. D's deposition was taken there were four X-rays attached thereto as exhibits. Two X-rays were marked as plaintiff's exhibit 1 and 2 and were those above mentioned that were taken in 1957 and 1959. They were properly identified and introduced. The other two X-rays were marked as defendants' exhibits. These are the exhibits that defendants contend were improperly considered by the jury. As stated above portions of the deposition were not read to the jury and we grant that no identification or interpretation was made to the jury as to these two X-rays.

■ If the X-rays complained of were the only X-rays involved in the trial then there would be some basis for defendants' complaint. However, two X-rays (plaintiff's Exhibits 1 and 2) were identified and were explained by Dr. F to the jury and as to extent of plaintiff's injury and presence of an arthritic condition. Defendants' medical witness complained mainly of the positioning of the head in plaintiff's exhibits 1 and 2, and differed to some degree as to interpretation thereof. In such circumstances we find defendants' complaint without merit since there was other and competent X-ray evidence tending to identify the injury and show the connection between plaintiff and the injuries shown thereby. See Mid-Continent Coaches v. Guthrie, 208 Okl. 533, 257 P.2d 829, 834, 835.

■ It is also contended by defendants that the inclusion of loss of earnings in the instructions as an element of damage was error and is ground for reversal. Loss of earnings was neither pleaded nor was there any proof to support it. This portion of the instruction should not have been given.

We fail to see however where defendants suffered any prejudice or that there was a miscarriage of justice by reason thereof. It does not appear that the damages allowed were excessive. It appears that the evidence amply supports the verdict. No instruction correctly stating the measure of damages was requested by the defendants.

In such a situation the judgment will therefore not be reversed because of the error in this instruction. Danner v. Chandler, 205 Okl. 185, 236 P.2d 503; City of Tulsa v. Pearson, Okl., 296 P.2d 788; and Carver v. Knutson Elevators, Inc., Okl., 285 P.2d 391.

We have repeatedly held that where errors complained of involve the giving of an erroneous instruction or the admission of incompetent testimony, this court will not disturb the judgment rendered where it is apparent that the errors complained of did not result in a miscarriage of justice.

Considering the record as a whole we are of the opinion that any of the errors complained of did not affect the substantial rights of the defendants. 12 O.S.1951 § 78.

Judgment affirmed.

BLACKBIRD, V. C. J., and HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.

WILLIAMS, C. J., and WELCH and JACKSON, JJ., dissent.